■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CAROL DELORES BRESSETTE, Appellant.— Appeal from a judgment of the County Court of Clinton County, rendered March 28, 1972, convicting defendant on her plea of guilty of burglary in the third degree. On March 9, 1972, defendant pled guilty to one count of burglary in the third degree. The court, after accepting defendant's plea, informed her that, prior to imposing sentence, he was required to obtain a report from the county probation department, that the court would "immediately bring to the attention of the Probation Department that you have entered this plea and request that we get out the presentence report with all possible speed." While the court did not at that time fix the date for sentencing, such date was eventually fixed for March 28, 1972 and, on that date and after her attorney stated that he had no objection to the pronouncement of sentence at that time, defendant was sentenced to a term of from two years, four months to seven years. The failure of the court to fix a date for pronouncing sentence and the 19-day lapse between the entering of the plea and the sentencing did not result in the court losing jurisdiction and did not mandate defendant's release from custody (*People ex rel. Wilkes* v. *Doherty*, 25 A D 2d

451, mot. for lv. to app. den. 17 N Y 2d 423; *People ex rel. Accurso* v. *McMann,* 23 A D 2d 936, mot. for lv. to app. den. 16 N Y 2d 486; *People* v. *Warrelman,* 42 Misc 2d 783; cf. *People ex rel. Harty* v. *Fay,* 10 N Y 2d 374). Furthermore, the record indicates that the court correctly followed the sentencing procedure prescribed by CPL 380.50, it not having been mandatory that defendant or his counsel be afforded an opportunity to comment upon the court's summary of the factors it considered relevant for the purpose of sentence (see Practice Commentary by Peter Preiser, McKinney's Cons. Laws of N. Y., Book 11A, CPL 380.50, p. 97). Judgment affirmed. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.