■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL WHIPPLE, Appellant.—Appeal from a judgment of the County Court of Essex County, rendered July 23, 1976, convicting defendant, upon his plea of guilty, of burglary in the second degree, a class C felony. On this appeal defendant raises two issues. As to defendant's first contention, that the trial court erred in not affirmatively advising him of his right to allocution, the record reveals that prior to sentencing the court gave both the District Attorney and the defendant's attorney an opportunity to speak and that both declined. The court then offered defendant a chance to speak, which defendant used to request that he be allowed to do "his time in Vermont". Thereupon the court imposed the sentence. The fact that the court did not again, after passing sentence, give the defendant or his attorney an opportunity to speak violates neither statutory nor case law (CPL 380.50; *People v Bressette,* 41 AD2d 781). As to defendant's contention that the sentence was excessive, we note the sentence imposed was considerably less than the maximum allowed by statute for a class C felony. Judgment affirmed. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS CRAIG BURRUS, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered July 3, 1974, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the sixth degree and criminal sale of a controlled substance in the third degree, and sentencing him to indeterminate terms of imprisonment of not to exceed five years and to a minimum of five years and a maximum of life, said sentences to run concurrently. On this appeal defendant alleges that the sentence imposed on the charge of criminal sale of a controlled substance in the third degree is harsh and excessive. From our review of the record taking into account the maximum terms which could be imposed and the defendant's history of prior criminal involvement, we find no abuse of discretion by the sentencing court. Judgment affirmed. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.