■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR PERINI, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Miller, J.), rendered August 17, 1983, convicting him of murder in the second degree (two counts), attempted robbery in the first degree (two counts), attempted robbery in the second degree, and unlawful imprisonment in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant argues that certain statements made by him to the police should have been suppressed on the ground that they were taken in violation of his right to counsel. However, the defendant's representation by counsel on a prior unrelated charge did not preclude him from effectively waiving his *Miranda* rights in the absence of counsel *(see, People v Bing,* 76 NY2d 331, *overruling People v Bartolomeo,* 53 NY2d 225).

The defendant also argues that the sentencing court did not comply with CPL 380.50 in that after the court stated the factors it considered relevant for the purpose of sentencing, neither the defendant nor his counsel were given the opportunity to speak. We disagree. The defendant and his counsel were afforded an opportunity to speak before the sentence was imposed. The fact that the court did not, after summarizing pertinent factors in the presentence report, afford the defendant or his attorney another opportunity to speak is not a violation of the statute *(see, People v Whipple,* 57 AD2d 657; *People v Bressette,* 41 AD2d 781).

Finally, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.