Fuld, J.
The defendant Sanchez, convicted of the crime of murder in the first degree, has been sentenced to death, and the principal question presented is whether certain statements made by him to law enforcement officials should have been excluded from evidence at his trial.
The record permits of no doubt that, at about 5:00 p.m. on July 5, 1963, an attorney, previously retained by the defendant, advised the police (by telephone and in person) that he wished to see and speak with his client who was then in the custody of the police at the station house and that the defendant was interrogated thereafter in the absence of counsel and made inculpatory statements to both the police and an assistant district attorney. These facts bring the case squarely within our decisions in People v. Donovan (13 N Y 2d 148), People v. Failla (14 N Y 2d 178) and People v. Gunner (15 N Y 2d 226), and it matters not, insofar as application of the rule therein stated is concerned, whether the defendant, when taken into custody, was regarded by the police as ‘ ‘ accused ”, ‘‘ suspect ” or “ witness ”. The significant or operative fact in such cases is that the defendant confessed or otherwise incriminated himself while being interrogated by the police in the absence of counsel after he had requested the aid of an attorney or one retained to represent him had contacted the'police in his behalf.
In the present case, therefore, the trial court committed reversible error when it allowed the statements (taken from Sanchez after his lawyer had communicated with the police) to be received in evidence. Upon the new trial which we are directing those statements are to be excluded.
The trial judge’s error was undoubtedly induced by a mistaken belief that, if the lawyer was prevented by the police from conferring with his client, such fact was relevant only “on the question of [the] voluntariness” of the defendant’s subsequent admissions. Indeed, the court so charged the jury and refused defense counsel’s request that the jurors be instructed that, should they find that the police denied the *390 attorney access to the defendant, they were to exclude from consideration any statements thereafter obtained. The district attorney, with commendable frankness, acknowledges that the refusal to charge as requested was error and, although we need not reach the point in light of the view we have taken, it is manifest that there is no basis for the People’s claim that such error was technical or harmless.
We have examined the several other arguments advanced by the defendant and find them without merit.
The judgment of conviction should be reversed and a new trial ordered.