OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division are reversed, and the orders of the Orange County Court and of the Dutchess County Court are reinstated, and the cases remitted for further proceedings on the indictments. On December 23, 1974 defendant was arrested for an alleged robbery committed at a Seven-Eleven store in Fishkill, and was taken to the Fishkill Station of the State Police. After being read his Miranda rights, defendant asked why he was there and was told that an accomplice had given a statement implicating him in the robbery. He asked to see the statement and after reading it he became angry and stated that “if people want to talk, I’ll do some talking.” Defendant then requested and was given permission to call his mother. A few minutes later he received a *750 telephone call from his attorney after which he told the investigating officer that his attorney had told him not to talk to the police but he was going to talk anyway. The police then interrogated him, obtaining confessions to the Orange County robbery and to a separate robbery which occurred in Dutchess County. In the prosecutions against defendant in the respective counties defendant moved to suppress the statements which motion was granted by both County Courts. The Appellate Division reversed each order and held the confession admissible.
Defendant contends that the statement was taken in violation of his right to counsel for "[office a lawyer has entered a criminal proceeding representing a defendant in connection with criminal charges under investigation, the defendant in custody may not waive his right to counsel in the absence of the lawyer” (People v Hobson, 39 NY2d 479, 481). The People concede, as they must, that an attorney representing defendant had entered the criminal proceeding but contend that defendant waived his rights, urging that the waiver was made with the assistance of counsel simply because he had talked with his counsel on the phone. This attenuated interpretation of the meaning of "presence of counsel” is totally unacceptable. Such a theory runs completely afoul of the very basis of the rule enunciated in Hobson (p 484) where we said so clearly that "[t]he rule that once a lawyer has entered the proceedings in connection with the charges under investigation, a person in custody may validly waive the assistance of counsel only in the presence of a lawyer breathes life into the requirement that a waiver of a constitutional right must be competent, intelligent, and voluntary”. If a mere telephone call from counsel would serve this function it would be a short breath indeed.
The only remaining question is whether defendant’s statement constitutes a spontaneous admission under the rule enunciated in People v Kaye (25 NY2d 139). Unlike the situation in that case, the defendant here made no "spontaneous volunteered admission” at all. At best, it could be considered only as an attempt to make a spontaneous volunteered waiver of his right to counsel. It is suggested that we expand the Kaye rationale and hold that the making of his waiver thereby purifies the subsequent interrogation. We decline to do so. The Hobson rule is an unequivocal protection of basic rights guaranteed by our Constitution (People v Hobson, 39 *751 NY2d 479, 483, supra; People v Arthur, 22 NY2d 325, 328) and once an attorney has entered a criminal proceeding on behalf of a defendant, the defendant in custody may not waive his right to counsel, spontaneously or otherwise, in the absence of the lawyer.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
In People v Tompkins: Order reversed, the order of Orange County Court reinstated, and the case remitted to the County Court for further proceedings on the indictment in a memorandum.
In People v Tompkins: Order reversed, the order of Dutchess County Court reinstated, and the case remitted to the County Court for further proceedings on the indictments in a memorandum.