OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the motion to suppress granted and the case remitted to the Jefferson County Court for further proceedings on the indictments.
The defendant arrested, arraigned and held in custody on one charge was questioned by the police about that charge and another unrelated incident. The hearing court properly held that the statement should be suppressed insofar as it relates to the charge on which the defendant was being held in custody (see People v Hobson, 39 NY2d 479). We now hold that the remainder of the confession should be suppressed although it concerns an unrelated incident (see People v Rogers, 48 NY2d 167; see, also, People v Settles, 46 NY2d 154; People v Samuels, 49 NY2d 218). The fact that the questioning may have been prompted by the defendant’s remarks does not render his answers spontaneous (People v Tompkins, 45 NY2d *871 748). We find no merit to the prosecutor’s argument that People v Rogers (supra), should not be applied retroactively. That decision was based on People v Hobson (supra), which has been applied to cases on appeal at the time the case was decided (see, e.g., People v Macedonio, 42 NY2d 944).
Chief Judge Coqke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum; Judge Jasen concurs on constraint of People v Rogers (48 NY2d 167).
Order reversed, etc.