■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BRATHWAITE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 8, 1979, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motion to

suppress certain statements. Judgment reversed, on the law, motion to suppress granted, and new trial ordered. Defendant was present at Criminal Court for a hearing on a charge unrelated to the instant case. He was represented by counsel on that charge. A police officer sought to arrest the defendant on the instant charge. The officer informed the prosecutor and the court officers on duty at the Criminal Court of his intention but no one informed the attorney representing defendant. The defendant was arrested as he exited the courtroom; he was the last in a group consisting of codefendants and attorneys, none of whom were aware of his arrest. Defendant was removed from the building in an elevator which was open only to court personnel and placed in a waiting police car. Both in the police car and at the police station defendant made certain admissions concerning this second charge which he unsuccessfully sought to have suppressed prior to trial. Defendant's conviction must be reversed and a new trial ordered. The recent decision of the Court of Appeals in *People v Rogers* (48 NY2d 167) makes clear that once an attorney has entered a criminal proceeding there is to be no questioning beyond that necessary for processing, even on unrelated charges. Moreover, the transcript of the *Huntley* hearing in the instant case clearly shows that the court depended in its decision on the case of *People v Taylor* (27 NY2d 327), which was overruled by *Rogers.* The retroactive applicability of the *Rogers* rule has been enunciated in *People v Bell* (50 NY2d 869), so there is no question of its applicability to this defendant. Finally, it cannot be said that the admission of this evidence was harmless beyond a reasonable doubt *(People v Almestica,* 42 NY2d 222). The other evidence of guilt, three eyewitnesses' identifications, was very strong, but the possibility that defendant's admissions, testified to by the arresting officer, contributed to his conviction cannot be excluded. Rabin, J. P., Gulotta, O'Connor and Weinstein, JJ., concur.