OPINION OF THE COURT
Wachtler, J.
The question on this appeal is whether the police may question an individual in the absence of counsel when they know that the defendant was represented by counsel at the time of arrest, but did not know that the attorney had only agreed to arrange the defendant’s surrender to the police.
The defendant, believing he was sought by the police in connection with a homicide investigation, consulted an attorney. At the defendant’s request the attorney contacted the police, learned that they were looking for the defendant, and arranged for his surrender. The police went to the attorney’s office and took the defendant into custody. At the police station the defendant was advised of his rights, waived them and, after being questioned by the police and an assistant prosecutor, made incriminating statements without the assistance of counsel.
A pretrial motion to suppress the statements was denied after a hearing. The defendant was then tried and convicted. The Appellate Division modified the sentence in the interests of justice, but otherwise affirmed.
On this appeal the defendant claims that the statements should have been suppressed. Relying on People v Hobson (39 NY2d 479) and related cases, he argues that the police should not have questioned him in the absence of counsel. In Hobson we held (at p 481): "Once a lawyer has entered a criminal proceeding representing a defendant in connection with criminal charges under investigation, the defendant in custody may not waive his right to counsel in the absence of the lawyer”. The People urge that this principle is not applicable here because the defendant was not represented by counsel at the time of the police interrogation. They note that the trial court found that the lawyer had only agreed to assist the defendant by contacting the police and arranging the surrender at which time his services terminated.
Subsequent to our decision in Hobson we have attached little significance to the contractual arrangements between the defendant and his attorney in determining whether the *59 defendant’s right to counsel has been violated during custodial interrogation (but see People v Taylor, 27 NY2d 327, decided prior to Hobson). Once an attorney has appeared on the defendant’s behalf we have refused to allow the police to rely on arguable ambiguities in the attorney-client relationship in order to justify police questioning of the defendant without the attorney being present (see, e.g., People v Ramos, 40 NY2d 610). We have indicated that if the police are uncertain as to the scope of the attorney’s representation, the defendant should not be questioned (People v Coleman, 42 NY2d 500, 507). Indeed we have recently held that the prohibition against custodial questioning of a defendant in the absence of his attorney may extend to crimes other than those for which the attorney was expressly retained or appointed (People v Rogers, 48 NY2d 167).
The important factor in these cases was the police awareness of an attorney’s appearance on the defendant’s behalf, rather than the precise terms of the retainer or appointment. Here, of course, the police were made aware, in the most demonstrable way, of the fact that the defendant was represented by counsel at the time of his arrest. Because of the limited and unusual arrangement the attorney had made with the defendant, that representation may actually have terminated prior to the questioning. But there was no finding that the police were aware of that peculiar arrangement. All they knew was that the defendant had sought the assistance of counsel in connection with the charge they were investigating. If the defendant had verbally expressed a desire to be assisted by counsel during the interrogation, the police would have been precluded from questioning him in the absence of counsel (People v Cunningham, 49 NY2d 203). We see no significant distinction between a verbal request for counsel and the defendant’s conduct in this case. By consulting a lawyer to contact the police, and then surrendering in the attorney’s office with counsel present, the defendant had manifested " 'his own view that he is not competent to deal with the authorities without legal advice’ (Michigan v Mosely, 423 US 96, 110, n 2 [White, J., concurring]).” (People v Cunningham, supra, p 209.)
Accordingly, the order of the Appellate Division should be reversed, the motion to suppress the statements granted and a new trial ordered.