■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BIENVENIDO GONZALEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 3, 1980, convicting him of criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to suppress a statement. Judgment reversed, on the law, motion granted, and matter remanded to Criminal Term for further proceedings. It is undisputed that the defendant, after his arrest and arrival at the station house, asked to speak with his lawyer. Patrolman Lambert then dialed the number of the defendant's attorney, and handed the telephone to the defendant. The defendant conversed with the son of Bert Koehler, Jr., the defendant's trial counsel, who is also a lawyer. Patrolman Lambert then spoke with the young Koehler, who, according to Lambert, stated "if [the defendant] wants to answer your questions, fine." After the telephone conversation had ended, the defendant made a brief incriminatory statement to Lambert. Assuming, *arguendo,* that the younger Koehler was in fact the defendant's attorney, and that he actually made the statement which Lambert attributed to him, we nonetheless conclude that the defendant's station house confession was obtained in violation of his right to counsel. Where, as here, the defendant has invoked his right to counsel, a subsequent waiver of rights outside the presence of counsel cannot be given legal effect (see *People v Cunningham,* 49 NY2d 203). A mere telephone call from counsel cannot substitute for the requirement that the attorney be present when the waiver is effected *(People v Tompkins,* 45 NY2d 748). Accordingly, the statement made by the defendant at the station house must be suppressed. We find no merit to the remaining contentions advanced by the defendant. Mangano, J.P., Rabin and Gulotta, JJ., concur.

Weinstein, J., dissents and votes to affirm the judgment, with the following memorandum. In my view, the defendant's confession was made under circumstances completely consistent with the applicable law. After the defendant spoke with the son of his primary trial counsel, but before he made the highly inculpatory admission at issue, Patrolman Lambert was told by counsel's son "if [the defendant] wants to answer your questions, fine". Since the defendant plainly indicated that the son of his primary trial counsel, whom defendant referred to as "my attorney", also represented him at times, the trial court was justified in treating the statement of the primary counsel's son as a statement by defendant's attorney. Given this, I conclude that the defendant's confession was made under circumstances not inconsistent with the requirements of *People v Cunningham* (49 NY2d 203). In that case, the Court of Appeals ruled that once a suspect in custody so much as requests the assistance of counsel, he may not waive the right to counsel in the absence of his attorney. As the majority correctly notes, such a waiver

must be made in the physical presence of counsel, and not merely while the attorney is in telephonic communication with the suspect (see *People v Tompkins*, 45 NY2d 748; *People v Pepper*, 76 AD2d 1006). However, this case is *not one of waiver of assistance of counsel*. Since counsel quite clearly indicated that the defendant could answer questions if he wished, it follows that the confession subsequently made by defendant was entirely in accordance with the instructions of counsel. It is manifest that even if counsel had been physically present, defendant would still have elected to confess. In other words, the right waived here was not the right to assistance of counsel. Rather, the right waived was the right to remain silent. Our attention has been called to no cases in which a waiver of the right to remain silent required the presence of an attorney. I think it is pertinent to note that in *People v Tompkins (supra)*, relied upon by the majority, the suspect was instructed by his attorney not to talk to the police. Accordingly, in *Tompkins*, the statement by the defendant amounted to a waiver of both the right to remain silent and the right to counsel. In this case, however, where the making of the confession was consistent with the advice of counsel, only the former right was waived. While, under our constitutional system, the rights of criminal suspects are at all times to be jealously guarded against the slightest infringement by overreaching or overly zealous law enforcement personnel, we do no justice either to those suspects or to society when we reverse a conviction obtained without any such infringement of constitutional rights (cf. *People v Blake*, 35 NY2d 331, 336). The constitutional rights of a suspect are not in the least enhanced, and the police efficiency is certainly greatly reduced, when a suspect who wishes to confess, and whose attorney does not object to the making of the confession, is required to wait for the attorney to lay aside all other business and make himself physically present at a police station in order that the suspect be permitted to say what he wishes to say. A defendant such as this one, whose guilt was amply proven beyond a reasonable doubt, should not be permitted to avoid the consequences of his crime simply because his free and counseled confession was made without the physical presence of counsel. The defendant's rights were preserved; surely, nothing more is required. Accordingly, I vote to affirm the judgment.