■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN TOWNSEND, Appellant. — Appeals by defendant from four judgments of the Supreme Court, Suffolk County, all rendered August 28, 1979, convicting him of burglary in the second degree (three counts), and burglary in the third degree, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of defendant's motion to suppress oral and physical evidence. Judgments reversed, on the law, pleas vacated, motion to suppress granted, and matter remanded to Criminal Term for further proceedings on the indictments. Defendant incorrectly asserts that *People v Rogers* (48 NY2d 167) requires the suppression of his statements and the physical evidence derived therefrom. The *Rogers* case held that once an attorney enters the proceedings, the police cannot question a suspect on related or unrelated matters. Although *Rogers* was decided

after the hearing in this case, its ruling applies to cases, such as this, which were pending on appeal at the time of the decision (see *People v Bell,* 50 NY2d 869; *People v Whitaker,* 75 AD2d 111). As the trial court properly concluded, no attorney ever entered the proceedings on behalf of defendant. Consequently, *Rogers* cannot be a basis for suppressing defendant's confession. Defendant accurately concludes, however, that his statements must be suppressed pursuant to *People v Cunningham* (49 NY2d 203), which was decided after sentencing in this matter. Once a suspect in custody requests the assistance of counsel, it is improper for the police to subsequently question him without counsel being present. A suspect may not waive his right to counsel, after requesting it, unless counsel is present during the waiver *(People v Cunningham, supra,* p 205). Consequently, the police should not have questioned defendant in the absence of counsel after defendant had previously requested counsel. Lazer, J.P., Gibbons, Gulotta and Cohalan, JJ., concur.