Wachtler, J.
(dissenting). A defendant who commits a crime while out on bail should not be immune from questioning by police with respect to his latest criminal acts. Such a rule would be a benefit to the repeat offender and an obstacle to law enforcement.
More specifically, the issue on this appeal is whether this court should extend the rule of People v Rogers (48 NY2d 167) to the facts of the present case. The majority holds that because the defendant had been represented by counsel on prior charges at the time of the interrogation the incriminating statements the defendant gave in the absence of counsel must be suppressed. The majority fails to accord significance to the fact that the police knew only that defendant had been previously arrested and did not know defendant had counsel on those earlier charges, or to the fact that defendant never indicated in any manner that he desired the aid of an attorney.
The defendant was convicted after a jury trial of felony murder in connection with a burglary in Deer Park, New York. Defendant, with an accomplice, entered the apartment of an acquaintance late at night apparently believing that no one was home. However, one of the occupants, the victim of the shooting, was alone at the time in a locked upstairs bedroom, unaware of the intruders. Upon discovering the locked door, defendant began to kick it open. When the victim appeared at the door the defendant drew his pistol and fired four to five shots, three of which struck the victim, inflicting the fatal wounds. Defendant and his companion immediately fled.
The defendant had parked his Volkswagen automobile, which was recognizable because of discolored paint and an inoperable left rear light, not far from the crime scene. When a canvass of the neighborhood disclosed that neighbors had seen the vehicle at or near the time of the crime, the police issued an alert which later resulted in a sighting of the vehicle near the defendant’s apartment. The homicide detectives were notified.
*237 While the investigation continued, defendant and the same accomplice were arrested in connection with another burglary, this one in connection with an arson. However, for reasons which do not appear in the record, defendant was released from custody on that charge. Thus, at the time defendant was brought into custody for questioning on the murder charge, it was known by the police that defendant had been arrested and released about nine days before. There is no indication in the record that the interrogating officers knew whether defendant had been arraigned on the other charges, but the findings of fact by the suppression court clearly note that none of the police officers involved in the interrogation knew whether or to what extent the defendant had been represented by counsel. Though defendant never mentioned it to the police, it appears that he did in fact have counsel on the prior charges.
Once in custody the defendant was given his Miranda warnings, which he stated he understood, and after which the defendant indicated he would speak to the officers without an attorney. He was then confronted with a statement which had been given by his accomplice, and this prompted the inculpatory admissions which the defendant later moved to suppress. Both the suppression court and the Appellate Division agreed that the motion should be denied. I would affirm.
In doing so I would not suggest that in situations where a defendant by a request for counsel expresses a personal inability to deal with the power of the State the right to that counsel can ever be disregarded (see People v Marrero, 51 NY2d 56; People v Rogers, 48 NY2d 167, supra; People v Hobson, 39 NY2d 479). Nor would I advocate a retrenchment from the principle that a defendant is entitled to counsel at all critical stages of a criminal prosecution (People v Samuels, 49 NY2d 218; People v Settles, 46 NY2d 154). What I do urge, however, is that neither of these principles requires the conclusion that a person who has once been arrested on a charge, however minor, upon which counsel has either entered the picture actually or constructively, must be insulated from uncounseled police interrogation (see People v Kazmarick, 52 NY2d 323). Such a conclusion, in addition to not being analytically required, *238 serves to extend prior cases beyond their intended scope, create injustice, and benefit those who are frequently arrested.
It has never been held, nor does basic fairness require, that all police interrogations will always, and in all circumstances, take place in the presence of counsel. Implicit in this is a recognition that a defendant in most instances is capable of deciding for his own reasons whether he is in need of or desires such assistance. Also implicit is that there is no need for the paternalistic view that the police should assure the assertion of a defendant’s right to counsel, despite his own expressed wishes to the contrary.
To be sure, once asserted in a custodial setting the right to counsel would be of impaired value if it could be thereafter waived as a result of the often subtle persuasion against which the defendant originally sought protection (see People v Cunningham, 49 NY2d 203). For the same reason, the police will not be permitted to undo a request for counsel by shifting the focus of the interrogation to crimes unrelated to those on which the custody is based (see People v Rogers, 48 NY2d 167, supra). But a significantly different situation arises where the defendant has in no way, despite an expressed opportunity to do so, sought the advice of counsel in connection with a particular custodial event or on a particular charge (cf. People v Skinner, 52 NY2d 24). In that instance there is simply no indication of a defendant’s inability to deal with the police, and if he chooses to do so there is no inherent evil in permitting the defendant to proceed in the absence of an attorney.
To be distinguished, of course, are those cases where despite a defendant’s consent to an uncounseled interrogation, the right to an attorney nonetheless applies because the context has formally shifted from the investigatory to the critical accusatory state (see, e.g., People v Settles, 46 NY2d 154, supra). Because at that point a defendant is, as a matter of law, no longer capable of assessing without counsel the significance of his actions, any waiver of that right must be done in the presence of counsel or in open court. But logic does not support the assumption that because a defendant has a right to counsel in the critical *239 stages of one proceeding, an equally critical phase has been reached in all other unrelated investigations. For this reason, it is not material that the police in this case knew of a prior arrest of the defendant on which his right to counsel might have attached.
It also does not necessarily follow that the knowledge of the police of defendant’s arrest is the equivalent of knowledge that he actually was represented by counsel. Beyond this, there certainly is no reason to assume on these facts that if there was counsel, that counsel would have become involved in a subsequent unrelated investigation, particularly in view of defendant’s assertion that he wishes to proceed without the assistance of counsel (cf. People v Arthur, 22 NY2d 325).
Nevertheless, the majority contends that the police were bound to make affirmative inquiries into the possibility that defendant might in some manner have been represented by counsel. However, neither the Federal courts, nor this court on any previous occasion has ever suggested the constitutional necessity for what must be recognized as a new addition to the litany of Miranda warnings. It is already the law that a suspect must be clearly told that he may refuse to say anything in the absence of his attorney. To say that the police must do more than this carries the right to counsel to unheard of extremes.
It is the common criminal, not the one-time offender, who nearly always will manage to have at least one serious charge pending, so that the attorney in the picture can provide him with virtual immunity from questioning in subsequent investigations. I had thought it clear that although our courts are sometimes required to let the guilty go free, this is not because the Constitution serves only the miscreant, but rather because our constitutional protections must apply evenly to us all. By its analysis I believe the majority has turned this basic principle completely around by providing what is in effect a dispensation for the persistent offender.
Accordingly, for the reasons stated above, I dissent and vote to affirm the judgment of conviction.
*240 Chief Judge Cooke and Judges Fuchsberg and Meyer concur with Judge Jones ; Judge Wachtler dissents and votes to affirm in a separate opinion in which Judges Jasen and Gabrielli concur.
Order reversed, judgment of conviction vacated, statements made to Detectives Rafferty and Donohue suppressed and case remitted to Supreme Court, Suffolk County, for further proceedings on the indictment.