■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARWIN L. DAMUTH, Appellant. (Appeal No. 1.) — Judgment reversed, on the law, plea vacated, motion to suppress granted and matter remitted to Oneida County Court for further proceedings on the indictment. Memorandum: Defendant appeals from a judgment of the County Court, Oneida County, convicting him upon his plea of guilty of arson in the third degree (Penal Law, § 150.10, subd 1). The sole issue deals with the admissibility of a statement defendant made to a member of the Rome Police Department after the police officer was aware that defendant had telephoned an attorney. Relying on *People v Hobson* (39 NY2d 479) and *People v Marrero* (51 NY2d 56), defendant claims that his statement should have been suppressed since it was obtained in the absence of counsel after the police were aware that defendant had made a telephone call to an attorney while the police officer was in his residence investigating the crime. It is undisputed that the defendant had sought the assistance of counsel in connection with the charge that the police were investigating. He had thereby manifested "his own view that he [was] not competent to deal with the authorities without legal advice" *(Michigan v Mosley,* 423 US 96, 110 [White, J., concurring]; see *People v Marrero, supra,* p 59; *People v Johnson,* 79 AD2d 201, 203, application for lv to app granted 53 NY2d 843). The People urge that these principles are not applicable in this case because when the police officer asked further questions of the defendant to clarify the question of representation, he was led to believe that the defendant was not "presently" represented by counsel in connection with the matter under investigation. If the officer was uncertain, however, as to the scope of the attorney's representation, the defendant should not have been questioned (see *People v Marrero, supra).* The court thus erred in not granting defendant's application to suppress. All concur, except Schnepp, J., who dissents and votes to affirm in the following memorandum.

Schnepp, J. (dissenting). I dissent. The common thread, indeed the important factor, in the right-to-counsel cases is the police awareness that the suspect has invoked the right to and sought the services of counsel (see *People v*

*Skinner,* 52 NY2d 24; *People v Marrero,* 51 NY2d 56; *People v Cunningham,* 49 NY2d 203) or that the suspect is, in fact, represented by counsel on other charges (see *People v Rogers,* 48 NY2d 167). The police did not have this knowledge in this case. The only thing that they knew was that defendant had made a telephone call to an attorney. Unlike *People v Johnson* (79 AD2d 201, application for lv to app granted 53 NY2d 843) the defendant never expressed to the police his unwillingness to talk to them without first consulting an attorney. This case stands in the same posture as *People v Bartolomeo* (53 NY2d 225). The Court of Appeals, in *Bartolomeo,* imposed a duty of inquiry on the police because the police knew that the defendant had a pending charge, thereby giving them reason to believe that the defendant was presently represented by counsel. The Court of Appeals held in *Bartolomeo* that if the police fail to make the inquiry and the defendant is, in fact, represented by an attorney on a pending charge, his subsequent waiver of rights is void. Here, the police, with knowledge that defendant had contacted an attorney, made the appropriate inquiry and were told by the defendant that he was not represented by counsel. Under these circumstances, the police acted properly and are free to seek a waiver of rights from the defendant without an attorney being present. (Appeal from judgment of Oneida County Court, Darrigrand, J. — arson, third degree.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.