## (January 28, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. ZIMMER, Appellant. — Appeal from a judgment of the County Court of Tompkins County (Dean, J.), rendered February 2, 1979, upon a verdict convicting defendant of the crime of manslaughter in the first degree. The instant matter involves the brutal killing of Deborah Linton who disappeared on March 21, 1977. Her body was found on Thanksgiving Day in a remote wooded section of Tompkins County. Suspicion focused on defendant who was then incarcerated in the Broome County Jail on two unrelated charges. Two New York State Police investigators interrogated defendant on two occasions: November 29, 1977 and December 7, 1977. They were aware of the reason for defendant's jail detention, and they also knew that defendant was represented by counsel on the unrelated charges. The officers informed defendant of his *Miranda* rights on November 29, neglecting, however, to advise him of his right to exercise the right of silence at any point in the interrogation. Defendant informed them that he wished to call his attorney if he were accused in the Linton murder. Assured to the contrary by the police, defendant spoke with them, denying any complicity in the killing. The officers asked defendant to share with them any information he might acquire about the murder. On December 7, the troopers returned to see defendant after being notified by defendant's wife that he wished to speak to them. Again the interrogations proceeded without the benefit of counsel. The officers gave defendant the same abbreviated *Miranda* rights as were given on November 29. Defendant attempted to make a deal with them by offering to exchange information on the Linton murder for "parole" consideration on his pending charges. Defendant ultimately accused Richard Glatzer of the murder (Glatzer had been planted by the troopers in the jail compound with defendant in an attempt to elicit inculpatory statements from him). The officers indicated to defendant that they felt that defendant's story was a fabrication and that they believed that defendant was the actual murderer. Defendant dropped his head and remained silent for some 15 minutes after this confrontation. He finally requested to see his wife. The officers said they would call his wife if he agreed to tell the truth and sign a statement once she arrived. He eventually consented to this and his wife was summoned. Before she came, the officers continued to accuse defen-

dant of the murder and to interrogate him further. He finally made incriminating oral statements. On his wife's arrival, defendant alternately agreed and then refused on six or seven occasions to give a written statement. Upon his wife's urging, he finally signed a statement confessing to the murder and the attempted rape of Deborah Linton. His wife had privately agreed to help the police obtain a written confession from her husband. On this appeal, defendant challenges the admissibility of the oral statements and written confession taken from him when he was in custody and known by the police to be represented by counsel on pending, unrelated charges. The rule in New York State has been strongly articulated by the Court of Appeals in circumstances similar to those of the instant matter. In *People v Rogers* (48 NY2d 167), the court held that once a defendant is represented by counsel in a pending criminal proceeding, he cannot be interrogated by police who possess knowledge of such representation, even on unrelated matters, in the absence of counsel, nor can he waive counsel except in the presence of his attorney. The *Rogers* rule has been further refined in a whole series of cases in its prohibition of the interrogation of defendants represented by counsel on unrelated crimes (see *People v Smith,* 54 NY2d 954; *People v Bartolomeo,* 53 NY2d 225; *People v Marrero,* 51 NY2d 56; *People v Cunningham,* 49 NY2d 203). The *Rogers* rule has been applied by our highest court retroactively (*People v Bell,* 50 NY2d 869). The instant matter falls squarely within the edict of *Rogers* and its progeny. Not only was defendant already represented by counsel on the unrelated charges when interrogated, but, also, on November 29, he had clearly articulated his desire to have the assistance of counsel if he were a suspect in the Linton murder. Accordingly, not only was the *Rogers* rule catalytically activated, but, in addition, having requested assistance of counsel in the Linton matter, defendant could not be questioned further in the absence of an attorney. The Court of Appeals in *People v Cunningham (supra)* clearly stated that once a suspect in custody invoked his right to counsel, a waiver of such right will not be deemed voluntary until he has had prior consultation with counsel. In view of the strong and clear commitment to the concept of right to counsel made by the Court of Appeals, the oral and written statements secured from defendant must be suppressed. We are also of the conviction that retroactive application of the *Rogers* rule requires, as well, a finding that the testimony of defendant's wife as to her witnessing of defendant's confession is also inadmissible. Had the police not questioned defendant contrary to the prohibitions of *Rogers,* Mrs. Zimmer would never have witnessed his confession. We deem defense counsel's withdrawal of objection to her testimony not fatal to defendant's present legal posture in view of the fact that he needed her testimony to support defendant's contention that his confession was not voluntary. Mrs. Zimmer, in *voir dire,* testified that the officers had threatened her husband and ignored his requests for counsel. This testimony was obviously crucial on the question of voluntariness but unfortunately contained, as well, the poisoned fruit of defendant's improper interrogation by police. In view of the foregoing, we deem it unnecessary to address the other allegations of error raised by defendant. Judgment reversed, on the law, and new trial ordered. Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

Kane, J. P., dissents and votes to affirm in the following memorandum. Kane, J. P. (dissenting). I am not persuaded that the retroactive application of the *Rogers* rule should result in the reversal of the conviction in this case. *People v Bell* (50 NY2d 869), signifying that *Rogers* should be applied retroactively, was decided on June 3, 1980. This defendant was convicted on February 2, 1979 and the questioned interviews with the police occurred on November 29, 1977 and December 7, 1977. The conversation between defendant and the police officers on the first occasion could hardly be considered the functional

equivalent of interrogation (see *Rhode Is. v Innis,* 446 US 291). This circumstance alone would distinguish this case from *Rogers.* The second interview occurred under most unusual circumstances. The police were summoned at the request of defendant's wife with whom defendant had arranged a suicide pact in the event their concocted version of the killing was not accepted by the authorities. This case does not seem to fit within the protective womb provided by *Rogers* or those cases that followed and expanded its mandate. For these reasons, and because the other issues raised by defendant are without merit, I would affirm the conviction.