■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NANCY KING, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Canudo, J.), rendered January 15, 1980, convicting her of manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of a motion to suppress certain statements. Judgment reversed, on the law, motion granted to the extent indicated herein, and new trial ordered. Defendant was accused of having stabbed a relative who was visiting her home. The woman died some hours later. At the time of the incident, defendant was 30 years old, and had no record of criminal involvement. She was arrested at the scene, where she made several inculpatory statements to the arresting officers. These statements, having been spontaneously made, were properly admitted at trial (*People v Kaye,* 25 NY2d 139). The defendant was handcuffed, given the *Miranda* warnings, and taken to the police station. There, she gratuitously made inculpatory statements to the officer who was taking her pedigree. These statements also were properly admitted at trial. The defendant then requested of this officer that she be allowed to contact a lawyer, giving him the name of an attorney who had represented her in a matrimonial action. The attorney was reached by telephone at about 7:30 P.M.; at the time that defendant spoke to him, she had no idea of the condition of the victim. At the suppression hearing, defendant testified that the attorney told her to give the police only the information which they needed to book her. The attorney supported that testimony, adding that he also told defendant that he did not handle criminal cases, and that she would have to ask to have an attorney appointed at her arraignment. The detective who had been taking defendant's pedigree, and who had placed the telephone call, flatly contradicted this testimony, stating that he had been told, both by defendant and by the attorney, that the latter had instructed defendant to "cooperate and to tell her side of the story". The police were unaware that this attorney did not intend to represent the defendant. Following the telephone call, defendant was given her rights by another detective, to whom the case had been assigned. He denied that he questioned her, but stated that they talked "back and forth" about the case, and that during this conversation defendant again made gratuitous, inculpatory statements, when he told her that the victim was in surgery. At about 10:00 P.M. it was learned that the victim had died. Defendant was not told of this immediately, but was turned over to the homicide detectives, who again read her the rights. She attempted to interrupt this reading by telling them that she had already spoken to an attorney, and had been told to co-operate. Defendant was then told of the victim's death, and became, in the words of a detective, "hysterical". He allowed her to "compose herself", and then asked her if she would like to talk. She then gave him an oral confession, which was later reduced to writing and which she signed. These oral and written confessions, as well as the inculpatory statements made by defendant to the detective

who gave her the *Miranda* rights and then discussed the case with her after she had spoken to the attorney, must be suppressed, and the failure to do so was reversible error. It must first be noted that the court correctly determined that the suppression issue was not affected by the fact that the lawyer in question did not actually "enter" the proceedings on behalf of the defendant (see *People v Marrero,* 51 NY2d 56, 59). However, the court incorrectly found that the lawyer's telephone call afforded defendant her right to counsel, and that her statements made thereafter had been made upon his advice and therefore upon a valid waiver. Although it is true that a valid waiver can be founded upon the erroneous or inadequate advice of counsel (*People v Claudio,* 85 AD2d 245), it has also been held that "[a] mere telephone call from counsel cannot substitute for the requirement that the attorney be present when the waiver is effected" (*People v Gonzalez,* 81 AD2d 892; *People v Tompkins,* 45 NY2d 748, 749-750). Based on this record, the failure to suppress the confessions and the statements made to the detective after the telephone conversation, cannot be said to have been harmless beyond a reasonable doubt (see *People v Crimmins,* 36 NY2d 230, 237-238). Defendant also asserts error in the court's charge, but the facts adduced at trial clearly supported the submission of the lesser crimes. As to the other alleged errors, defendant failed to object or except to the charge and therefore cannot now raise those issues (*People v Duncan,* 46 NY2d 74, 80; *People v Jones,* 81 AD2d 22, 29). Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.