OPINION OF THE COURT
Memoranda.
The order of the Appellate Division should be reversed, defendant’s motion to suppress should be granted, subject, however, to the People’s right, if so advised, to seek a renewed hearing as to suppression of the looseleaf notebook and whatever it contained when handed over to the police, and a new trial ordered.
It is undisputed that at the time Detective McLeese spoke to defendant on the telephone defendant was in the custody of South Carolina police officers pursuant to an arrest warrant teletyped to them which had been issued in New York on the basis of an accusatory instrument filed in New York, and that defendant then had, and in the course of conversation told the detective that he had, South Carolina counsel. Clearly, therefore, any statements made or evidence obtained through search conducted as a result of revelations by defendant made after he informed the detective that he had an attorney must be suppressed (People v *793 Samuels, 49 NY2d 218; People v Johnson, 48 NY2d 565; see People v Lucas, 53 NY2d 678), even though violation of defendant’s right to counsel was not raised at the suppression hearing (People v Sanders, 56 NY2d 51, 66).
The People nevertheless oppose suppression on the grounds that (1) defendant’s request that he be driven back to New York in his car authorized them to search it to insure their own safety, (2) the car was properly seized as evidence of the crime and an inventory search was, therefore, inevitable, and (3) the search was justified under the automobile exception.
The first ground turns on the suggestion that there was a spontaneous request by defendant that the police drive back to New York in the car with him. As the People conceded on oral argument, however, no finding of spontaneity was made by the hearing Judge and the transcript shows that the subject was first broached by the detective’s question: “Or do you want to have your car transported back up to New York?” Conceivably the idea came into the conversation because of something said by defendant to the South Carolina police of which they informed Detective McLeese, but even if that be the case it would provide no basis for finding defendant’s statement in answer to McLeese’s inquiry, made after McLeese was informed that defendant had an attorney, to be spontaneous (People v Rivers, 56 NY2d 476; People v Lanahan, 55 NY2d 711; People v Stoesser, 53 NY2d 648; People v Lucas, supra). Having been given the South Carolina attorney’s name and telephone numbers, McLeese’s proper course was to take the return of the car up with him. The discussion with defendant about returning the car therefore furnishes no predicate for search of the car.
 The People’s second contention provides no greater basis for search of the car. The crime of which defendant was accused was grand larceny by the kiting of checks. The fact that part of the money thus criminally obtained was used to purchase the car did not under the circumstances of this case provide the nexus between it and the larceny required to sustain seizure of the car (Warden v Hayden, 387 US 294, 307). It was at most evidence of motive, irrelevant to conviction of a criminal act for which there *794 was other clear proof (cf. People v Namer, 309 NY 458, 462). Moreover, the People’s reliance on section 435-4.0 of the Administrative Code of the City of New York is misplaced for that section deals only with custody and disposition of property once seized, not with the right of the police to seize property in the first place. That the car may have been visible from the street “at the front of the repair garage, unguarded and near the exit,” as the People’s brief recounts, gave the police no basis for seizure of it without a warrant requiring the establishment of probable cause for so doing.
Nor did the possibility that evidence relating to the larceny might be found in the car afford a ground for its seizure under the automobile exception. In the first place, there was nothing other than defendant’s suppressible statement to McLeese to that effect to suggest that such was the fact. There was, therefore, no probable cause for its seizure. It was, moreover, in a private garage in possession of the garageman as bailee of defendant, rather than in a public place (cf. People v Orlando, 56 NY2d 441), and there was ample time between the arrival of the New York detectives in South Carolina and the time the car was to be ready to be moved for a warrant to be obtained. That defendant’s wife was on her way to South Carolina with money to pay for the repairs created no exigency, therefore, that could not have been met by the posting of a police guard while application for a warrant was made. Moreover, there was no admissible evidence of exigency as the police learned of the wife’s imminent arrival only when the defendant told them in the conversation held in violation of his right to counsel.
All of the evidence obtained through search of the car must, therefore, be suppressed. The situation differs, however, with respect to the looseleaf book. That was not in the car but in the possession of defendant’s South Carolina attorney. It was turned over to defendant by the attorney in the presence of and with the permission of the New York detectives and given by defendant to the detectives with the statement that he had nothing to hide. Because no right to counsel basis for suppression was urged before the hearing Judge, the record is unclear concerning the role *795 played by the attorney in defendant’s turnover of the book and no finding was made as to what papers it contained at that time. The People are, therefore, entitled to a renewed hearing as to suppression of it and its contents if they be so advised (cf. People v Havelka, 45 NY2d 636; People v Lypka, 36 NY2d 210; People v Horowitz, 21 NY2d 55).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order reversed, defendant’s motion to suppress granted subject to the People’s right to seek a renewed hearing in accordance with the memorandum herein, and a new trial ordered.