■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP J. CUSANO, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Samenga, J.), rendered July 29, 1982, convicting him of arson in the third degree and conspiracy in the fourth degree, after a nonjury trial, and sentencing him to an indeterminate term of imprisonment of 4 to 8 years to run concurrently to a definite term of imprisonment of 3 months. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress certain statements.

Judgment reversed, on the law, motion granted, and new trial ordered.

After defendant's arrest, his attorney called the police station, thereby effectively entering the case. The police allowed defendant to speak briefly with his attorney. Thereafter a detective informed counsel that defendant had been arrested for arson. At the *Huntley* hearing, that detective testified that counsel stated defendant could talk to the police if he so desired. We find that, as a matter of law, defendant had not effectively waived his State constitutional right to counsel. Thus, we need not address the propriety of the hearing court's findings of fact.

A brief telephonic communication between a defendant in custody and his counsel is insufficient to constitute a waiver of the State constitutional right to counsel (*see, e.g., People v Tompkins,* 45 NY2d 748; *People v King,* 89 AD2d 571; *People v Gonzalez,* 81 AD2d 892). We cannot agree with the People's contention that the Court of Appeals in *People v Beam* (57 NY2d 241) cut back on the requirement that once counsel has entered the proceedings the right to counsel may only be waived in the presence of counsel. In *Beam* (*supra,* p 255), the Court of Appeals specifically noted that it was not addressing the validity of a waiver of the right to counsel. Rather, its decision indicates only that once a defendant has had an opportunity to fully discuss the situation with counsel and follows the advice of counsel by voluntarily presenting himself to the police and speaking to them, the effective waiver of the right to counsel and to have an attorney present during questioning is not affected by the fact that the waiver is communicated to the police telephonically. We see no indication in that decision that the court intended to overrule its prior determination in *People v Tompkins* (*supra,* p 750) that: "[An] attenuated interpretation of the meaning of 'presence of counsel' is totally unacceptable. Such a theory runs completely afoul of the very basis of the rule enunciated in *Hobson* [39 NY2d 479] (p 484) where we said so clearly that '[t]he rule that once a lawyer has entered the proceedings in connection with the charges under investigation, a person in custody may validly waive the assistance of counsel only in the presence of a lawyer breathes life into the requirement that a waiver of a constitutional right must be competent, intelligent, and voluntary'. If a mere telephone call from counsel would serve this function it would be a short breath indeed". Indeed, in *Beam,* the Court of Appeals expressly reaffirmed the rule of *People v Hobson* (39 NY2d 479); (*People v Beam,* 57 NY2d 241, 254-255, *supra*).

The People concede that this issue may be raised for the first time on this appeal (*People v Sanders,* 56 NY2d 51; *People v Ready,* 61 NY2d 790). Consequently, defendant's statements should have been suppressed and a new trial is required. Mangano, J. P., Gibbons, Bracken and Kunzeman, JJ., concur.