■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RINGER, Appellant.—Judgment of the Supreme Court, New York County (Ivan Warner, J., at the motion to suppress;

Alfred H. Kleiman, J., at the plea and sentence), rendered on May 16, 1979, convicting defendant, upon his plea of guilty, of robbery in the first degree and sentencing him to an indeterminate term of 0 to 6 years' incarceration, is unanimously reversed, on the law, the motion to suppress granted and the matter remanded for further proceedings.

It is undisputed that defendant, following an uncounseled *Miranda* waiver, made certain inculpatory statements to a police officer at a time that the latter knew or should have known that defendant was already represented by an attorney in connection with another unrelated case. However, it is now well established that where the police are aware that a suspect is represented by counsel on pending charges, or where the police know that charges are pending but fail to make inquiry which would disclose that a lawyer has been assigned or retained, any custodial questioning of the suspect in counsel's absence is prohibited. *(People v Bertolo,* 65 NY2d 111; *People v Bartolomeo,* 53 NY2d 225; *People v Rogers,* 48 NY2d 167.)* The People acknowledge that although the hearing court's ruling herein was the correct law on the date that it was decided *(People v Coleman,* 43 NY2d 222), the retroactive application of *People v Rogers (supra)* by the Court of Appeals in *People v Bell* (50 NY2d 869) requires a reversal of the judgment being appealed. Concur—Sandler, J. P., Fein, Milonas, Kassal and Ellerin, JJ.