■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY E. BARLEY, JR., Appellant▮

▮ Memorandum: Following denial of his motion to suppress several statements he gave police during an investigation of the murder of his wife, defendant pleaded

guilty to murder in the second degree (Penal Law § 125.25 [1]). He argues on appeal that the suppression motion should have been granted because the statements were taken after his right to counsel had attached and that his waiver of that right in the absence of counsel was ineffective *(see, People v Rogers,* 48 NY2d 167, 169; *People v Hobson,* 39 NY2d 479, 483; *People v Arthur,* 22 NY2d 325, 329).

We agree with the hearing court that at the time defendant made oral statements to the police on January 26, March 10, 12 and 18, 1984, he was not in custody *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851) and, accordingly, his right to counsel had not attached at those times *(see, People v Bertolo,* 65 NY2d 111, 116; *People v Hauswirth,* 60 NY2d 904, *affg* 89 AD2d 357; *People v Hobson, supra,* p 483; *cf. People v Ellis,* 58 NY2d 748, 750; *People v Skinner,* 52 NY2d 24, 31-32).

We disagree, however, that defendant was not in custody on March 22, 1984 when he made an oral and written statement confessing to the murder. The police acknowledged at the hearing that at this time defendant was a prime suspect in the murder investigation. The police went to defendant's residence, transported him to the police station and detained him for more than three hours. During the two weeks between the murder and this interrogation the police, on at least three occasions, had tried without success to arrange for defendant to take a polygraph test. Given these circumstances, we must conclude that a reasonable innocent person in defendant's position when questioned on March 22, 1984 would not have believed he was free to leave *(see, People v Yukl, supra).*

Since defendant was in custody on March 22, 1984, the remaining question is whether his right to counsel had attached. We hold that it did. The hearing testimony established that on March 12, 1984 the police were informed by defendant's matrimonial lawyer that she advised defendant "absolutely not to talk to anybody unless there's an attorney present" and that she told the Sheriff "I would not let him talk to anybody without an attorney." Since at this time the police were aware that counsel had entered the proceeding on defendant's behalf, defendant's right to counsel attached and thereafter he could not waive that right, during custodial interrogation, in the absence of counsel *(People v Rogers, supra; People v Hobson, supra).* The fact that the attorney who entered the proceeding on defendant's behalf was not a specialist in criminal law is not controlling *(see, People v Weinman,* 90 AD2d 220; *People v King,* 89 AD2d 571). Any doubt the police may have had about the attorney's role in interced-

ing on defendant's behalf must be resolved in defendant's favor precluding questioning *(see, People v Marrero,* 51 NY2d 56, 59; *People v Ramos,* 40 NY2d 610, 617-618).

We conclude that the police knew that counsel had entered the proceeding on defendant's behalf and, therefore, the oral and written statement defendant made to the police while in custody on March 22, 1984 should have been suppressed. Accordingly, the judgment is reversed and defendant's motion to suppress the oral and written statement he made on March 22, 1984 is granted. (Appeal from judgment of Yates County Court, Dugan, J.—murder, second degree.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ.