■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEVON CALLICUTT, Also Known as CUT, Respondent. [924 NYS2d 675]—

Peters, J.P. Appeal from an order of the Supreme Court (Lamont, J.), entered December 6, 2010 in Albany County, which partially granted defendant's motion to suppress certain evidence.

On the evening of October 20, 2008, a series of armed robberies were committed in the City of Albany, one of which resulted in the death of Richard Bailey. In December 2008, defendant, represented by Melissa Carpinello of the Albany County Public Defender's office, pleaded guilty to an unrelated charge of attempted criminal possession of a weapon in the second degree. Prior to sentencing, Carpinello was contacted by David Gonzalez, the Albany County Assistant District Attorney, proposing defendant's submission to a polygraph examination in connection with the Bailey homicide in exchange for a reduced sentence on the weapon possession charge. Carpinello met with defendant to discuss the matter and, in February 2009, accompanied him to a conference with Gonzalez and police concerning the purpose of the questioning. After again conferring with Carpinello, defendant, against her advice, participated in the polygraph examination and received the reduced sentence.

In September 2009, members of the City of Albany Police Department interviewed defendant at the correctional facility where he was serving his sentence for the weapon possession conviction. During that interview, defendant confessed to shooting Bailey during the course of an attempted robbery and to committing two other armed robberies during that same evening. Defendant was thereafter indicted for murder in the first degree, murder in the second degree, attempted robbery in the third degree and criminal possession of a weapon in the second degree in connection with the Bailey homicide, as well as one count of robbery in the first degree and two counts of robbery in the second degree based upon his involvement in the two

other robberies. Defendant moved to suppress his oral and written statements on the ground that they were obtained in violation of his right to counsel. Following a suppression hearing, Supreme Court granted defendant's motion and suppressed his statements.* The People appeal.

The sole issue presented on this appeal is whether defendant's right to counsel with respect to the Bailey homicide investigation indelibly attached when, in connection with the unrelated weapon possession matter, Carpinello met with, advised and accompanied defendant to the meeting with police concerning his requested participation in the polygraph examination in connection with the homicide investigation. We find that it did, and that the subsequent questioning of defendant by police in the absence of counsel violated defendant's constitutional right to counsel.

A defendant's right to counsel indelibly attaches "once the police know or have been apprised of the fact that the defendant is represented by counsel or that an attorney has communicated with the police for the purpose of representing the defendant" (*People v Arthur*, 22 NY2d 325, 329 [1968]; *see People v Grice*, 100 NY2d 318, 322 [2003]; *People v Lucarano*, 61 NY2d 138, 145 [1984]; *People v Ramos*, 40 NY2d 610, 614 [1976]). Insofar as application of the rule is concerned, it matters not whether the defendant was regarded by the police as "accused," "suspect" or "witness" (*see People v Garofolo*, 46 NY2d 592, 599 [1979]; *People v Hobson*, 39 NY2d 479, 483 [1976]; *People v Sanchez*, 15 NY2d 387, 389 [1965]). " 'Once an attorney enters the proceeding, the police may not question the defendant in the absence of counsel unless there is an affirmative waiver, in the presence of the attorney, of the defendant's right to counsel' " (*People v McLean*, 15 NY3d 117, 120 [2010], quoting *People v Arthur*, 22 NY2d at 329; *see People v West*, 81 NY2d 370, 374 [1993]).

Although Carpinello initially represented defendant solely on the weapon charge, the evidence adduced at the suppression hearing supports Supreme Court's finding that, after being approached by Gonzalez and informed of the police's desire to speak with defendant regarding the Bailey homicide, Carpinello "entered" the homicide proceeding for the purpose of representing defendant. Following that conversation with Gonzalez,

* As a result of the suppression of defendant's confessions, the People moved to sever the two counts of robbery in the second degree stemming from one of the incidents on the ground that there was insufficient evidence to prosecute those charges. This motion went unopposed by defendant and was granted by Supreme Court.

Carpinello met with defendant at the jail to discuss the homicide, "had an extensive conversation . . . as to what was going to be happening," and "advised him . . . as to what his rights were and what he should or should not say." Further, she accompanied defendant to the conference with the police and Gonzalez regarding the proposed polygraph examination. During that meeting, police informed defendant that his name had come up during the murder investigation, and stated that they wanted to verify his whereabouts at the time of the murder and learn any information that he may know about the murder so as to exclude him as a suspect. Notably, after that conference, Carpinello advised defendant *not* to take the polygraph examination—despite the favorable sentencing agreement that defendant would receive on the weapon possession charge if he did so. Furthermore, although Carpinello was unable to attend the polygraph examination, she arranged for another attorney from the Public Defender's office to confer with defendant prior to taking the examination. This attorney subsequently met with defendant—at police headquarters—spoke with him regarding the Bailey homicide and the taking of the polygraph test, and instructed defendant—and police—to contact him if there were any problems during the polygraph examination.

These affirmative and direct actions taken by Carpinello, as well as the other Assistant Public Defender on her behalf, relative to defendant's participation in the polygraph examination in connection with the Bailey homicide "sufficiently identified [her] professional interest" in the homicide investigation and signified to the prosecution and police that she had undertaken to represent defendant as to that matter (*People v Garofolo*, 46 NY2d at 600; *see People v Ramos*, 40 NY2d at 616). While the People maintain that it was "clear" that Carpinello was involved in discussions of the Bailey homicide case only to the extent that it affected defendant's sentence on the weapon possession charge, we find no such clarity on this record, and stress that "[a] defendant's right to counsel cannot be made to depend on whether in the sole judgment of the prosecution there has been sufficient activity and conduct of a proper character so as to compel a conclusion that the lawyer has entered the proceedings" (*People v Ramos*, 40 NY2d at 618). If there was doubt or uncertainty as to whether legal representation extended to the Bailey investigation, "the burden should rest squarely on [the prosecution] to insure that the defendant's right to be represented by counsel be protected" (*id.*). Any arguable ambiguities in the attorney-client relationship "cannot be seized by the prosecution as a license to play fast and loose with this precious right" (*id.*; *see People v Cotton*, 280 AD2d 188, 192 [2001], *lv*

*denied* 96 NY2d 827 [2001]; *People v Barley*, 124 AD2d 1021, 1022-1023 [1986]; *People v Short*, 110 AD2d 205, 209-210 [1985], *lv denied* 67 NY2d 657 [1986]).

Given that defendant's right to counsel had indelibly attached in connection with the Bailey homicide, the police bore the burden of determining whether the representation continued prior to questioning defendant on that same matter in September 2009 (*see People v West*, 81 NY2d at 376; *People v Marrero*, 51 NY2d 56, 59 [1980]; *People v Booker*, 53 AD3d 697, 700-701 [2008], *lv denied* 11 NY3d 853 [2008]). The police may not rely on arguable ambiguities in the attorney-client relationship to justify the questioning of the defendant without counsel being present, and " 'if the police are uncertain as to the scope of the attorney's representation, the defendant should not be questioned' " (*People v West*, 81 NY2d at 376, quoting *People v Marrero*, 51 NY2d at 59; *see People v Coleman*, 42 NY2d 500, 507 [1977]; *People v Booker*, 53 AD3d at 701).

Jason Vogel, an Albany Police Department detective who questioned defendant in prison in September 2009, testified at the suppression hearing that he was aware that defendant had previously submitted to a polygraph examination in connection with his guilty plea in an unrelated matter, and that defendant was represented by Carpinello on that matter. Notably, Vogel stated that the issue of whether counsel had attached in the Bailey homicide case had been specifically discussed between the members of the Albany Police Department—one of whom was the detective that participated in the February 2009 conference with defendant and Carpinello regarding defendant's proposed participation in the polygraph examination—and the Albany County District Attorney's office prior to the questioning at issue. Significantly, however, Vogel testified that he was unaware of the result of those discussions prior to conducting the subject interview with defendant. Indeed, there is not a scintilla of evidence as to what steps, if any, the prosecution or police took to ascertain whether defendant was represented in connection with the Bailey homicide. Having failed to resolve this uncertainly as to Carpinello's continued representation of defendant, the police could not question defendant concerning the Bailey homicide without counsel present (*see People v West*, 81 NY2d at 379; *People v Marrero*, 51 NY2d at 59).

The People's argument that the police were not prohibited from questioning defendant because he was not actually represented at the time his statements were made is without merit. While Carpinello indeed testified that she did not consider herself to be defendant's attorney in the Bailey matter at the

time of the September 2009 questioning, the relevant factor is not the precise terms or scope of the representation, but rather the police awareness of an attorney's appearance in the matter on the defendant's behalf (*see People v Marrero*, 51 NY2d at 59). As previously noted, Carpinello's involvement in connection with the Bailey homicide investigation was such that the police were made aware that defendant was represented on that matter and, although that representation may have been limited to defendant's participation in the polygraph examination, there is no evidence in the record that the police were aware of this particular arrangement (*see id.*; *People v Singer*, 44 NY2d 241, 251 [1978]; *compare People v Booker*, 53 AD3d at 701). Moreover, contrary to the People's assertion, the fact that defendant never informed the police that he was represented by counsel is irrelevant. A defendant "whose right has indelibly attached has no obligation to keep the police informed as to the status of the attorney-client relationship" (*People v West*, 81 NY2d at 376). Thus, as defendant's confessions were obtained in violation of his right to counsel, they were properly suppressed.

Spain, Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed.