Chief Judge Lippman
(dissenting). When this case was previously before us, the majority found it necessary to remit for a CPL 440.10 hearing, while I joined Judge Jones’s dissent, opining that defendant had been represented by counsel in the murder case and that his later, uncounseled statements had been obtained in violation of his right to counsel (15 NY3d 117, 125 [2010]).
The more specific issue presented here, as limited by the majority opinion, is whether, given the uncertainty as to defendant’s representational status, the police reasonably concluded that they could question defendant about the murder. It is well settled that where, as here, an ambiguity exists as to whether a defendant is represented by counsel with respect to a particular matter, the burden is on the police to ascertain whether that representation has terminated before questioning the defendant on that matter outside the presence of counsel (see People v West, 81 NY2d 370, 376 [1993]). The police inquiry here fell *131 short of what was necessary to honor defendant’s cherished right to counsel.
In 2003, defendant was represented by Steven Kouray in connection with a robbery charge. Seeking a reduced sentence on the robbery, defendant offered to provide information on the unsolved 2002 murder of Leonder Goodwin. Kouray contacted the District Attorney’s Office on defendant’s behalf and accompanied him to meet with homicide investigator Sims. Defendant was given his Miranda warnings before speaking with the officer. During the interview, Kouray periodically conferred with defendant and advised him not to answer certain questions. They also went over the written statement together before defendant signed it. In addition, Kouray accompanied defendant the following day when he identified two individuals from a photo array and on his ride-along with the police to show them where the murder weapon had been discarded. At the time, Kouray apparently believed that defendant was only an eyewitness to the murder. Defendant’s information was not deemed credible and he was therefore afforded no leniency when he was sentenced on the robbery charge in June 2004.
In December 2006, the police considered defendant a suspect in the Goodwin murder and wanted to interview him again. On instructions from the District Attorney, Investigators Sims and Brown went to see Kouray before questioning the defendant and inquired whether Kouray still represented him. According to Sims, he mentioned the “Goodwin case,” but did not say anything about a murder. Kouray responded that he no longer represented defendant and made reference to the robbery case having been concluded.
The investigators then went to speak with defendant at Green Meadow Correctional Facility; they did not ask defendant whether he was represented by counsel. Defendant waived his Miranda rights and gave a statement incriminating himself in the Goodwin murder.
“New York has long viewed the right to counsel as a cherished and valuable protection that must be guarded with the utmost vigilance . . . [T]he right to counsel is referred to as ‘indelible’ because, once it ‘attaches,’ interrogation is prohibited unless the right is waived in the presence of counsel” (People v Lopez, 16 NY3d 375, 380 [2011] [citations omitted]). The rule precluding officers from questioning a represented defendant derives from the theory that, by obtaining counsel with regard to “a particular matter, defendant [has] manifested his belief that he *132 was unable to deal with the coercive power of the authorities without legal assistance” West, 81 NY2d at 375).
“Once an attorney has appeared on the defendant’s behalf we have refused to allow the police to rely on arguable ambiguities in the attorney-client relationship in order to justify police questioning of the defendant without the attorney being present. We have indicated that if the police are uncertain as to the scope of the attorney’s representation, the defendant should not be questioned” (People v Marrero, 51 NY2d 56, 59 [1980] [citations omitted]).
Where it is likely that defendant is represented by counsel, the police have the obligation to make a reasonable inquiry into the status of that representation (see e.g. Lopez, 16 NY3d at 383).
Here, the limited inquiry made of Kouray did nothing to dispel the ambiguity as to whether defendant was represented by counsel on the homicide. Although the investigator inquired whether Kouray continued to represent defendant, the question was not asked in a way that was designed to elicit an informed response. It was three years earlier when Kouray had appeared with defendant in the context of the homicide investigation. The investigator’s reference to the murder victim’s name, without more, was unlikely to bring to mind Kouray’s involvement in a remote matter in which he believed his client was only tangentially involved. Indeed, despite Kouray’s response that his representation on the robbery had concluded, which should have alerted the officers to the continuing ambiguity with respect to any representation on the homicide, they made no further attempt to clarify the situation. At a minimum, this halfhearted effort to ascertain defendant’s representational status falls well short of scrupulously honoring his right to counsel.
The majority recognizes that the officers likely would have received a different answer if they chose to pursue the issue further, but still finds that this perfunctory inquiry was adequate to satisfy their responsibility (see majority op at 130). This undemanding standard is insufficiently protective of defendant’s right to counsel.
Moreover, the investigators could have dispelled any remaining ambiguity by asking defendant himself whether he was represented by counsel (see People v Lucarano, 61 NY2d 138, 147 [1984]). As we have previously held, once a defendant denies *133 that he is represented, the officers need inquire no further (see Lucarano, 61 NY2d at 148). This does not place any great burden on the police and will, in most cases, result in a clear answer as to defendant’s representational status. “The value of this protection to the individual far exceeds the inconvenience caused by requiring that the police make a simple inquiry of defendant” (Lucarano, 61 NY2d at 147). This is the bare-bones minimum that should be expected of the police.
For the reasons previously stated, I would find that the police could not rely on Kouray’s statement to reach the conclusion that he was no longer defendant’s lawyer and would grant his CPL 440.10 motion.
Judges Graffeo, Read, Pigott and Abdus-Salaam concur; Chief Judge Lippman dissents in an opinion in which Judge Rivera concurs.
Order affirmed.