OPINION OF THE COURT
Jones, J.
 Where to the knowledge of the interrogating officer a suspect being questioned had been arrested by the same law enforcement agency nine days previously on an unrelated charge, statements obtained in consequence of the interrogation must be suppressed if in fact the suspect is represented by an attorney with respect to the unrelated charge even though the fact of such representation is unknown to the officer. In such circumstances defendant cannot effectively waive his right to counsel unless the attorney is present.[1] There need not be suppression, however, of evidence seized pursuant to a search warrant issued on the basis of a sworn statement by one who has personal knowledge of, and participated in, events which provide probable cause for the issuance of the warrant.
*230 On this appeal from an order affirming a judgment convicting defendant of the crime of murder in the second degree after a jury trial defendant contends that numerous errors before and during trial, require reversal of his conviction. Because error was committed in the denial of his pretrial motion to suppress incriminating statements obtained from him while in custody in the absence of, and in violation of his right to, counsel, we reverse and remit for further proceedings without consideration of other alleged trial errors.
Findings of fact made by the Judge who presided at the suppression hearing, which have been affirmed by the Appellate Division, establish the following sequence of events. On May 27, 1978 defendant was arrested by the Suffolk County Police Department and arraigned on a charge of arson. At that arraignment defendant was represented by counsel, attorney Joseph Stabile.
Thereafter, on June 5, 1978, defendant was apprehended by officers of the same law enforcement agency and taken to its homicide headquarters in connection with an investigation then being conducted of the death of one John McLaughlin which had occurred the preceding April. At no time did defendant or his father, who was with him when he was taken into custody, refer to the fact that he had an attorney on the arson charge.
At the police station two homicide squad detectives, Rafferty and Donohue, both of whom knew of defendant’s arson arrest a few days earlier but neither of whom knew that he was represented by counsel in that matter, advised defendant of his constitutional preinterrogation rights. In response to questions from the detectives and without mention of the fact that he already had an attorney on the arson charge, defendant stated that he did not want an attorney and would answer the detectives’ questions without one. Detective Rafferty then informed him that he was under arrest for the McLaughlin homicide and, by relating details of a statement implicating defendant given by an accomplice Caprisecca (who was already in custody in connection with the crime), extracted from defendant the incriminating statements sought to be suppressed. Approximately *231 three-quarters of an hour after defendant’s arrival at the police station, an attorney, who had been consulted by attorney Stabile concerning the arson charge, called the station and informed Detective Rafferty that he was representing defendant and wanted all questioning to cease. Thereupon the interrogation promptly came to an end.
In denying suppression of Detective Rafferty’s and Detective Donohue’s testimony as to the statements made to them by defendant while he was in custody on June 5, the Judge presiding at the suppression hearing concluded that there had been no violation of the defendants constitutional right of access to counsel at the time he waived his right to counsel, no attorney having entered the homicide proceeding at that time. “The defendant’s happenstance representation by an attorney in the unrelated arson proceedings, such fact being unknown to the homicide squad detectives, is insufficient to invoke the Hobson rule.”[2] The Appellate Division affirmed, without opinion.
We reach a different conclusion and accordingly reverse the judgment of conviction. Knowledge that one in custody is represented by counsel, albeit on a separate, unrelated charge, precludes interrogation in the absence of counsel and renders ineffective any purported waiver of the assistance of counsel when such waiver occurs out of the presence of the attorney (People v Miller, 54 NY2d 616; People v Rogers, 48 NY2d 167). The same consequence flows from knowledge, such as that possessed by Detectives Rafferty and Donohue here, that the defendant has been arrested only seven days earlier by members of the game police department on an arson charge, if in fact the defendant has counsel on the earlier charge. This follows naturally on the awareness on the part of law enforcement personnel of judicial concern for, and protection of, a criminal defendant’s right to the aid of counsel at every critical stage of proceedings against him. Hence, the interrogating detectives here, with actual knowledge of the *232 outstanding arson charge against defendant, were under an obligation to inquire whether defendant was represented by an attorney on that charge. Having failed to make such inquiry, the officers were chargeable with what such an inquiry would have disclosed — namely, that defendant did have an attorney acting on his behalf. With such knowledge they were foreclosed either from questioning defendant or from accepting his waiver of counsel’s assistance unless his attorney was then present. It was therefore error to deny suppression of testimony as to the statements made by defendant at the Suffolk County police station on June 5, 1978. For this reason, defendant’s conviction must be vacated.
We reject however defendant’s contention that it was error to deny suppression of his 1966 Volkswagen which had been seized pursuant to a search warrant issued by Suffolk County Court. (At the trial photographs of the vehicle taken by the police after its seizure were received in evidence, as was testimony by a resident of the neighborhood in which the homicide occurred, who had been shown the Volkswagen by the police, that it looked like a vehicle that he had seen there on the night of the homicide.)[3]
The warrant which directed seizure of the vehicle, reciting that probable cause had been shown that the Volkswagen constituted evidence of a crime and tended to show that a particular person had committed a crime, was issued on presentation to a Suffolk County Court Judge of a sworn, written statement given by the accomplice Caprisecca which accompanied an affidavit by Detective Rafferty. The first of these documents contained a detailed eyewitness recital of events surrounding the McLaughlin homicide, including a description of Caprisecca’s and defendant’s midnight journey in defendant’s Volkswagen to the place of residence of the victim armed with a gun for the purpose of getting money, of their entry into the house after ringing the bell with no response, of defendant’s shooting the victim who *233 was surprised on the premises, of their hurried departure in the Volkswagen, and of the subsequent disposal of the weapon by throwing it in a bay. Detective Rafferty’s affidavit stated that he had received information through a conversation with Caprisecca that (1) the described Volkswagen had been used during the commission of the identified April homicide and (2) that Caprisecca and defendant had committed the homicide, which information he characterized as reliable. In denying the request for suppression of defendant’s vehicle which had been seized pursuant to the warrant, the Judge before whom the suppression hearing was held found that reasonable and sufficient cause for the warrant had been demonstrated to the issuing Judge.
In that conclusion we find no error, an ample showing of probable cause (the sine qua non for issuance of a search warrant) having been made in the two documents — and, in particular, in the sworn statement by the accomplice Caprisecca — on which the request for the warrant was predicated.
Defendant’s insistence that the sufficiency of the documents submitted to the issuing Judge must be measured by the two-pronged test set out in Aguilar v Texas (378 US 108) is misplaced. The requirements of Aguilar must be met when a warrant is sought on the basis of an affidavit made by a law enforcement officer reciting information relayed to him by another person — often, as in Aguilar, an unidentified informant. In such a case, where the affidavit “ ‘contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein’ ” (378 US, p 113), it must be shown both that the source from which the officer obtained his knowledge was reliable and that the information obtained from that source was itself entitled to be credited. Subsequent application of the Aguilar requirements, by both the Supreme Court of the United States and the courts of this State, have been in cases in which the material necessary to provide reasonable cause for the issuance of a warrant has been included in the affidavit of the officer applying for the warrant and has consisted of communications to the officer by a third person, unsupported by a sworn statement or affirmation *234 of such third person (e.g., United States v Harris, 403 US 573; Spinelli v United States, 393 US 410; United States v Ventresca, 380 US 102; People v Wirchansky, 41 NY2d 130; People v Hanlon, 36 NY2d 549). In such a context there is need for disclosure to the issuing Magistrate of sufficient factual data to enable him to determine whether he may properly rely on the hearsay source of the officer’s information as well as whether he may credit the information itself.
The Aguilar standard is inapplicable, however, when there is presented to the issuing Magistrate a sworn statement of the factual information sufficient to establish probable cause for the warrant’s issuance, made by one— like Caprisecca in this case — as to whom the data is firsthand information by reason of his personal observations and participation in the events described. In such an instance there is no lack of personal knowledge on the part of the affiant — the factor significant in the Aguilar-type cases; rather the Magistrate has before him “facts or circumstances presented to him under oath or affirmation” (Nathanson v United States, 290 US 41, 47). A sufficient predicate for a finding of probable cause has been tendered; if the Magistrate entertains doubt as to the veracity of the maker of the sworn statement he may require that the affiant appear before him for examination before determining whether to issue the warrant. In the present case the County Court Judge was justified in concluding on the basis of the documents laid before him, including in particular Caprisecca’s detailed eyewitness narrative of the events surrounding the homicide, that there was reasonable cause for the seizure of defendant’s automobile. We perceive no error of law in that result (cf. People v Hicks, 38 NY2d 90; see People v Brown, 40 NY2d 183).
Defendant’s attempt to impeach the affidavit of Detective Rafferty by reason of what he contends amount to admissions by that officer that he knowingly, falsely characterized the information received from Caprisecca as “reliable” when in fact he believed it to be untrue at least in part, and thereby to bring this case within the proposition announced in Franks v Delaware (438 US 154) is unavail *235 ing. The cited case, holding that a defendant is not in every instance foreclosed from challenging the veracity of factual statements in an officer’s affidavit submitted to procure a search warrant, declared that if the defendant establishes that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit and that such false statement is necessary to the finding of probable cause, the search warrant must be voided. In the present case the doubt expressed by Detective Rafferty with respect to Caprisecca’s truthfulness had no relation to the abbreviated information obtained from the accomplice which was set out in the detective’s affidavit and described by him as “reliable”; that doubt concerned only details contained in Caprisecca’s oral conversation with the officers, none of which were included in either of the documents presented when the warrant was sought. Additionally, even if Rafferty’s affidavit were to be disregarded in its entirety, the sworn statement of Caprisecca alone was sufficient to provide probable cause for the issuance of the warrant (cf. People v Seidita, 49 NY2d 755). The principle of the Franks case is inapplicable.
Finally, there is no merit to defendant’s argument that the rule that a defendant may not be convicted on the testimony of an accomplice unsupported by corroborative evidence (GPL 60.22) should be applied as well to the establishment of probable cause for the issuance of a search warrant. No authority is cited or has been found to support such a proposition, and nothing in principle recommends its adoption. The statute prescribing the rule is itself expressly applicable only to convictions. Moreover, the significant difference in kind between the determination of guilt beyond a reasonable doubt as the predicate for the imposition of criminal sanctions, on the one hand, and the demonstration of probable cause sufficient to satisfy the constitutional requirements for search and seizure as the warrant for police investigation, on the other, justifies a differentiation (Brinegar v United States, 338 US 160).
Because of the error in the failure to suppress defendant’s statements made to Detectives Rafferty and Donohue in the absence of counsel, the order of the Appellate Divi *236 sion should be reversed, the judgment of conviction vacated, testimony as to such statements suppressed, and the case remitted for further proceedings on the indictment.

. We intimate no views as to what might be the consequence in another case in which the defendant’s prior arrest is remote in time or place or is made by officers of another law enforcement agency (cf. People v Kazmarick, 52 NY2d 323, 328, 329).

. The rule referred to was stated in People v Hobson (39 NY2d 479) at page 481: “Once a lawyer has entered a criminal proceeding representing a defendant in connection with criminal charges under investigation, the defendant in custody may not waive his right to counsel in the absence of the lawyer.”

. Nothing found in the vehicle was introduced in evidence. Following the hearing on the motion to suppress, the court granted suppression of a .22 caliber cartridge found under the floor mat as not having been described in the search warrant.