■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES F. SULLIVAN, JANE R. LIEBMAN and MARK L. GUIDO, Appellants. — Appeals from judgments of the County Court of Albany County (Harris, J.), rendered November 16, 1979, convicting defendants, upon their pleas of guilty, of the crimes of attempted criminal possession of marihuana in the second degree. The sole issue on this appeal is whether or not a search warrant was validly issued on April 18, 1979. The only support for the application for the warrant before the Police Court Magistrate was a statement by an informant which asserted that he had "partied with Mark Guido and [on] a few occasions I have gotten some pot off him." That statement fully identified the informant and his place of residence and included the warning "False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the Penal Law." Further, the statement identified the residence of Guido and recited that the informant had, on April 17, 1979, observed marihuana at such residence ("maybe 60-70 pounds of grass"). The defendants assert that because the statement of the informant was not under oath and/or did not conclusively establish that the informant's possession of marihuana was an admission against penal interest, it does not satisfy the reliability requirements for

probable cause. (See *People v Rodriguez,* 52 NY2d 483.) In our opinion, the statement of the informant is the equivalent of one under formal oath (Penal Law, § 210.45) and the statement does, therefore, upon its face contain an admission against the informant's penal interest. *(People v Bartolomeo,* 53 NY2d 225; *People v Hicks,* 38 NY2d 90.) The defendants' remaining attacks upon the validity of the search warrant are unpersuasive. Judgments affirmed. Mahoney, P. J., Sweeney, Kane, Weiss and Herlihy, JJ., concur.