Wachtler, J.
(dissenting). Since the rule just recently announced in People v Bartolomeo (53 NY2d 225) is now being extended, I am compelled to dissent.
The defendant murdered a young woman and several days later was arrested and admitted hitting the victim after an argument. The confession was voluntary and was made only after the defendant had been advised of his rights and waived them.
If this had been the defendant’s first encounter with the law he would have no cause for complaint regarding the police questioning. But because the defendant committed the murder while he was awaiting disposition on another indictment charging him with sodomy he claims the special protection of a defendant with a record (see People v Bartolomeo, supra). In Bartolomeo, however, the court emphasized that the defendant had been arrested on an arson charge seven days earlier so that it was virtually certain that the charge was still outstanding. Here, however, the charge was eight months old and although it may be “assumed”, as the police did in this case, that the defendant had been represented by counsel on the charge, it is far from certain that the charge would still be outstanding at the time he was questioned for the murder. Indeed, the police officer testified that he did not know the status of the prior charge.
*957 The rule prohibiting the police from questioning the defendant in the absence of counsel when the police are obviously aware that the defendant has an attorney should not be extended to situations where mere knowledge of the existence of some prior charge can be said to give rise to a series of possibilities or probabilities of various degrees, that the charge may still be outstanding, that the defendant was represented by counsel in the past, and that an attorney may still be representing him. Under such an approach a repeat offender or professional criminal will be immune indefinitely from police questioning because with creative hindsight it may be shown that there was some possibility that one of his prior charges was still outstanding.
Accordingly, I would affirm the order of the Appellate Division.
Chief Judge Cooke and Judges Jones, Fuchsberg and Meyer concur; Judge Jasen concurs on constraint of People v Bartolomeo (53 NY2d 225); Judge Wachtler dissents and, votes to affirm in an opinion in which Judge GabRIELLI concurs.
Order reversed, defendant’s statements suppressed and a new trial ordered in a memorandum.