■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM T. ROYLE, Appellant. — Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: On this appeal from his conviction of various crimes, including a murder committed in Buffalo on September 16, 1979, defendant contends that the court erred in failing to suppress his oral admissions and written statement. On October 9, 1979 defendant was arrested and jailed by the Buffalo police on an unrelated burglary charge. On October

18, 1979 during the course of the murder investigation, the Buffalo police learned that defendant, a suspect, was in the Erie County Holding Center. Detective Sergeant Gorski obtained defendant's arrest card from which he learned of defendant's arrest on the burglary charge. Later that day defendant was brought from the holding center to police headquarters where he waived his right to counsel, and was interrogated by two police officers who had no knowledge of the unrelated charge. Defendant's oral admissions were reduced to a typewritten statement. Gorski was present during the purported waiver of rights by defendant and during a part of the interrogation, but he did not inquire at any time whether defendant had an attorney on the pending burglary charge. Defendant was, in fact, represented by counsel on that charge. Applying standards recently enunciated by the Court of Appeals, it necessarily follows that, given Gorski's knowledge of the outstanding burglary charge, his rank, his involvement in the murder investigation and his presence at the interrogation, particularly during the waiver of rights by the defendant, he was required to inquire whether defendant had counsel on the pending charge (see *People v Bartolomeo,* 53 NY2d 225, 232). "Having failed to make such inquiry, the officers were chargeable with what such an inquiry would have disclosed — namely that defendant did have an attorney acting on his behalf." *(People v Bartolomeo, supra,* p 232.) Accordingly, any waiver by defendant of the right to counsel during the police interrogation was ineffective since his attorney was not present. His admissions and statement to the police should be suppressed. (Appeal from judgment of Erie Supreme Court, Marshall, J. — murder, second degree, and other charges.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.