■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS ROSA, Appellant. — Judgment, Supreme Court, New York County, rendered May 19, 1977 convicting defendant following denial of his *Huntley* motion, and, after a jury trial, of murder in the second degree and sentencing him thereon to an indeterminate term of imprisonment of 20 years to life, is reversed, on the law, the motion to suppress is granted, and the matter remanded for a new trial. (Previous decisions of this court in this case: see 81 AD2d 766; 80 AD2d 527.) ¶ In our decision at 81 AD2d 766 we remanded the matter for a reopened *Huntley* hearing directed to the issue of whether defendant was represented by counsel on January 26, 1976. The issue was whether the rule of *People v Rogers* (48 NY2d 167), that representation by counsel even on an unrelated charge bars interrogation in the absence of counsel, applied, or whether, on the other hand, defendant was not actually represented by counsel on the unrelated charge, so that the *People v Rogers* rule would not apply under *People v Kazmarick* (52 NY2d 322). Although *People v Rogers* was decided two and one-half years after the *Huntley* hearing in this case, the rule in the *Rogers* case was held to apply retroactively, at least to cases on appeal at the time *Rogers* was decided. (*People v Bell,* 50 NY2d 869.) ¶ The hearing which we ordered has now been held. The evidence shows that the defendant was arraigned in Kings County on the charge of kidnapping and on related charges on January 20, 1976. Detective Grant was informed of the defendant's arrest. On January 26, 1976 defendant was taken to the office of the New York County District Attorney where at about noon defendant, after appropriate *Miranda* warnings, made statements to the officer and to the District Attorney, which while

purporting to be exculpatory, placed him at the scene at the time of the homicide. The defendant did not have an attorney present at the time of these statements and no inquiry was made as to whether he had an attorney in any other case. Detective Grant was aware of the arrest, and apparently of the arraignment, and was aware of the practice in the metropolitan areas of assigning counsel to indigent defendants on arraignment. ¶ The hearing court found that in fact Mr. Guarnari of the Legal Aid Society was appointed in the Kings County case to represent defendant for the purpose of arraignment and the preliminary hearing, which followed immediately thereafter. At the conclusion of the hearing, apparently because of a potential conflict of interest between this defendant and a codefendant, the Legal Aid "counsel requested that new counsel be assigned to represent the defendant Rosa from the 18B panel. This request was granted. There is no evidence one way or the other as to whether Mr. Guarnari believed himself released of the representation of Mr. Rosa at this time or believed that his representation of Mr. Rosa was to continue until the actual filing of a notice of appearance by counsel from the 18B panel." ¶ On January 26, 1976 an attorney appointed pursuant to article 18-B of the County Law filed a notice of appearance with the clerk of the Supreme Court, Kings County. There is no evidence as to what time of day the notice of appearance was filed. A covering letter enclosing a copy of the notice of appearance was received by the District Attorney of Kings County on January 29, 1976. The hearing court further found "that Detective Grant did not inquire nor was he informed by the defendant that counsel had been assigned to Rosa in the Kings County case, although he was well aware of the substantial probability that counsel had, in fact, been assigned. I further find in the unlikely event that such finding be of significance that Detective Grant had no knowledge of the identity of the 18B counsel assigned on January 20th, 1981 [*sic*] to represent Mr. Rosa; whether such counsel had, in fact, materialized corporeally to the extent of at least filing a notice of appearance." ¶ In *People v Bartolomeo* (53 NY2d 225), the Court of Appeals held the *Rogers* rule to be applicable to statements made to police officers where the defendant had been arrested only nine days earlier by members of the same police department on an arson charge. The Court of Appeals said (at pp 231-232): "This follows naturally on the awareness on the part of law enforcement personnel of judicial concern for, and protection of, a criminal defendant's right to the aid of counsel at every critical stage of proceedings against him. Hence, the interrogating detectives here, with actual knowledge of the outstanding arson charge against defendant, were under an obligation to inquire whether defendant was represented by an attorney on that charge. Having failed to make such inquiry, the officers were chargeable with what such an inquiry would have disclosed — namely, that defendant did have an attorney acting on his behalf. With such knowledge they were foreclosed either from questioning defendant or from accepting his waiver of counsel's assistance unless his attorney was then present." ¶ In the circumstances, we hold that in the present case these statements should have been suppressed under the rule of *People v Rogers* (48 NY2d 167, *supra*). Whether the filing of the notice of appearance on January 26, 1976 preceded or followed the statements should not be determinative. In the absence of clear evidence that the earlier representation by Legal Aid was definitively terminated forthwith, we should interpret the arraignment court's ruling as leaving no gap in the representation of the defendant, so that Legal Aid's representation of the defendant continued until a new attorney effectively appeared. In that connection, we note as did the hearing court that although Legal Aid requested the court to "appoint an 18B attorney for Mr. Rosa", nowhere literally does the Legal Aid attorney ask to be "relieved". And the motion to "appoint an 18B attorney" (rather than to "relieve" Legal Aid

forthwith) is the motion that the arraignment court granted. ¶ We therefore hold that defendant was represented by counsel on the unrelated charge at the time he made the statements here involved, and accordingly those statements must be suppressed. Concur — Sullivan, Carro and Silverman, JJ. Kupferman, J. P., concurs in a memorandum and Lynch, J., concurs in the result only in a separate memorandum.

Kupferman, J. P. (concurring). I concur on constraint of *People v Bartolomeo* (53 NY2d 225), which, in a four to three decision, compels the result. I believe that the dissenting opinion in that case is the better view.

Lynch, J. (concurring in result only). I cannot accept the majority's conclusion that the Legal Aid's representation of the defendant continued despite the court's having ordered its replacement by an 18-B attorney because Legal Aid was under a conflict of interest. I do, however, concur in the result reached by the majority solely for the reason that I find that the prosecution did not meet its burden of proving that, when the defendant was questioned by Detective Grant, he was not then represented by the 18-B attorney. ¶ Under *People v Huntley* (15 NY2d 72), the prosecution, upon demand of the defendant, is put to the burden of proving preliminarily to the hearing Judge the voluntariness of any statements made by the defendant which the prosecution intends to introduce into evidence at the trial. In *People v Bartolomeo* (53 NY2d 225), it was held that where the interrogating officers knew that the defendant had been arrested only days before on an unrelated charge the defendant's statements must be suppressed when he was represented by an attorney on the unrelated charge even though the interrogating officers did not know this. From this I conclude that where the police, as here, knew that the defendant was arraigned on an unrelated charge only days before their interrogation, the prosecution has the burden of proving that the defendant was not represented by an attorney on that charge at the time of their interrogation. The prosecution has failed to carry this burden here, and for that reason the defendant's statements must be suppressed.