Alexander, J.
(dissenting). The majority holds today that in spite of having acquired actual knowledge through his own limited investigation that a defendant has been recently arrested on two prior occasions, an interrogating police officer has no duty to inquire whether or not charges resulting from those *122 arrests are pending and whether defendant is represented thereon by counsel.
Because this ruling, in my view, impermissibly diminishes the right to counsel and countenances an uncounseled waiver of that fundamental right, I respectfully dissent.
The facts of this case are amply set forth in the majority opinion and the several opinions at the Appellate Division. From these circumstances the majority concludes that because defendant’s prior arrests were for public lewdness, considered to be a “minor offense”, and had occurred some five to six months previous, it was “reasonable” for the officer to “assume” that no charges resulting from these arrests were pending and, therefore, that he was under no duty to make any effort to confirm that “assumption” or otherwise to ascertain whether defendant was represented thereon. Nor, the court holds, is the officer chargeable with the information that he would have obtained had the inquiry been made. In so holding, the majority places undue emphasis on the officer’s lack of actual knowledge as to the pendency of the charges and his subjective view of whether the offenses for which the prior arrests were made were “minor” and “remote” in time.
In the seminal cases of People v Rogers (48 NY2d 167) and People v Bartolomeo (53 NY2d 225), we held that uncounseled waivers of a custodial suspect’s right to counsel are ineffective when the police either are aware of the suspect’s representation on pending charges (Rogers, supra) or have actual knowledge of a recent arrest and fail to inquire whether the suspect is still represented in the matter (Bartolomeo, supra). The Bartolomeo rule was later applied in People v Smith (54 NY2d 954) in which we held that where an officer knew that a suspect had been arrested by the same police department eight months earlier on a sodomy charge, “the officer was ‘under an obligation to inquire whether [the suspect] was represented by an attorney’ ” (People v Smith, 54 NY2d 954,956, supra [quoting Bartolomeo, supra, at p 232]). While in Smith, the officer decided “to disregard his correct assumption” that the defendant would be represented on the prior charge, it seems clear that the operative fact, central to the court’s decision imposing the “obligation to inquire”, was the officer’s actual knowledge of the prior charge. The actual knowledge possessed by the officer here, imposed no less an obligation.
“This court has jealously guarded the individual’s * * * right to counsel, demanding that th[is] fundamental right be accorded the highest degree of respect by those representing the State” (People v Rogers, supra, at p 170). Consciousness of the judici *123 ary’s vigilant concern for the promotion of this right was imputed to law enforcement personnel by the Bartolomeo court in charging them with the knowledge that would be gained through minimal efforts to ascertain the status of matters already within their knowledge (see, People v Bartolomeo, supra, at p 231). In imposing a duty on the police to utilize information known to them to assist in effectuating the goal of protecting a suspect’s right to counsel, the court has not compelled them to take “extraordinary measures” that would vitiate this benefit by hampering effective law enforcement (see, People v Lucarano, 61 NY2d 138, 147). Rather, it has burdened the police only to “make a simple inquiry of defendant” (People v Lucarano, supra, at p 147). Such an inquiry in the present case would have revealed, despite Detective Matedero’s contrary assumptions and regardless of whether his assumptions were reasonable, that defendant was represented on pending charges and thus could not, on his own, effectively waive his right to counsel.
In balancing the benefit gained in determining that a suspect is represented by counsel against the de minimis burden imposed on the police to ascertain this information in circumstances where they have actual knowledge of two recent arrests of a suspect by their very same department, any doubt should be resolved by requiring the police to inquire about the status of the prior charges. Although there may be situations where a prior charge is so remote in time as to negate the obligation to inquire as to whether or not it is pending, I cannot agree that this is such a case. Here, the officer neglected to either check defendant’s case jackets, which were readily available, after ascertaining defendant’s recent arrests or to ask defendant prior to the custodial interrogation whether charges were pending. “Failing such an inquiry, the police were chargeable with whatever information the inquiry would have disclosed” (see, People v Lucarano, 61 NY2d 138,146, supra). Should the suspect “den[y] that he is represented on a pending unrelated charge, the police [would be] under no obligation to make further inquiry, so long as it is reasonable to believe the defendant’s disclaimer of representation” (People v Lucarano, supra, at p 148). The State’s concern for the vindication of a defendant’s right to counsel should not depend on the interrogating officer’s subjective evaluation of the severity of the prior charges or their temporal remoteness.
On the facts of this case, defendant’s motion to suppress the tape-recorded and typed confessions should have been granted. Although I agree, that suppression of defendant’s noncustodial *124 confession, and of his statement to the complainant’s mother was properly denied, admission of the two confessions made while in custody cannot be deemed harmless error (see, People v Garofolo, 46 NY2d 592) and requires that the Appellate Division order affirming defendant’s judgment of conviction be reversed, defendant’s motion granted to the extent of suppressing his taped and typewritten confessions, and a new trial ordered.
Chief Judge Wachtler and Judges Simons and Kaye concur with Judge Jasen; Judge Alexander dissents and votes to reverse in a separate opinion in which Judge Meyer concurs.
Order affirmed.