■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JACOBS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alfano, J.), rendered February 23, 1983, convicting him of murder in the second degree (two counts), robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, *inter alia,* the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements.

Judgment affirmed.

On February 4, 1981, the defendant and two accomplices robbed one Junior Archie Harris at his place of business and shot him to death. During the investigation of the homicide in December 1981, Sergeant John Regan, then a detective assigned to the 77th Police Precinct, was provided with information by two individuals, one of whom was a witness, implicat-

ing the defendant in the crime. During December 1981 the sergeant learned that the defendant had been arrested by police officers from other precincts on April 28, 1981 for petit larceny, on May 7, 1981 for possession of stolen property, and on May 20, 1981 for attempted grand larceny. At that point in his investigation, Sergeant Regan did not attempt to ascertain the status of the charges underlying the three arrests. On June 8, 1982, however, he inquired of the New York State Parole Board and Central Warrants as to whether any warrants were pending against the defendant and was advised that there were none.

On June 10, 1982, the defendant was interviewed at the police station after having been issued his *Miranda* warnings, and made an incriminating statement. A videotaped statement was then taken by an Assistant District Attorney.

The defendant argues that his statements should have been suppressed because he was actually represented in the unrelated criminal cases at the time of his arrest on the instant charges. In this regard, the evidence adduced at the hearing established that the defendant had been represented by counsel on charges arising from the arrests of May 7 and May 20, 1981. Shortly after his arrests, the defendant had pleaded guilty to petit larceny in both cases and was to be sentenced on September 3, 1981. The defendant failed to appear on the sentence date and again on September 11, 1981, when bench warrants were issued. The defendant remained a fugitive until his arrest in the instant case some nine months later.

Under these circumstances, we perceive no violation of the defendant's constitutional right to counsel. Where the police have actual knowledge that a defendant is represented by counsel on a pending unrelated charge, they may not question him without his attorney being present *(People v Rogers,* 48 NY2d 167). Furthermore, where the police have actual knowledge that a defendant has a prior unrelated charge pending against him, they are obligated to inquire whether the defendant has counsel in that case, and a failure to conduct such an inquiry would render them chargeable with whatever information it would have disclosed *(People v Bartolomeo,* 53 NY2d 225). However, absent actual knowledge of the pendency of prior charges, the police have no affirmative duty to cease their questioning or inquire whether the defendant has an attorney *(People v Bertolo,* 65 NY2d 111, 119), and the critical analysis centers upon whether the circumstances warrant imputation of knowledge of the pendency of the charges *(People v Bertolo, supra,* at p 118). "The most salient of these

are: the extent of the police knowledge; the proximity, severity and notoriety of the prior charges; and the good or bad faith of the police" *(People v Bertolo, supra,* at p 118).

At bar, the prior charges were "remote in time", having arisen 13 months earlier, and were relatively minor, thus "less likely to have earned notoriety within a police department and * * * more likely to have been disposed of at an early date" *(People v Bertolo, supra,* at p 119). Sergeant Regan was entirely justified in entertaining a good-faith belief that the prior charges had been disposed of *(People v Bertolo, supra,* at pp 119-120).

Under the circumstances presented in this case, there is no reason to impute to the police constructive knowledge that the defendant had prior charges pending and legal representation with regard to them requiring suppression of the defendant's tape-recorded and videotaped statements.

We have considered the defendant's remaining contentions and find them to be unpreserved or without merit. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.