OPINION OF THE COURT
Dan Lamont, J.
In this postjudgment motion to vacate his judgment of conviction (CPL 440.10), defendant contends that his written confession was obtained in violation of his right to counsel under the United States Constitution (CPL 440.10 [1] [h]), and that since the time his conviction was affirmed upon appeal *855 there has been a retroactively effective change of the law controlling such issue (CPL 440.10 [2] [a]).
After a suppression hearing, this court denied defendant’s motion to suppress his written confession (People v St. Clair, 124 Misc 2d 746 [1984]). Thereafter, defendant pleaded guilty to third degree burglary and was sentenced as a second felony offender to ZVi to 7 years in State prison. Upon appeal, the Appellate Division unanimously affirmed defendant’s conviction. (People v Mehan, 112 AD2d 482 [3d Dept 1985].) The Court of Appeals (Alexander, J.) denied leave to appeal (66 NY2d 1041 [1985]).
The primary issue determined by this court and the Appellate Division was that the defendant — within hours after being arraigned in New Jersey upon New Jersey criminal charges — could be questioned by New York State Police on unrelated New York criminal charges without an attorney being present, when the New York police asked defendant whether he had legal counsel on the New Jersey charges and defendant answered that he did not have counsel and did not in fact have counsel.
Defendant contends that the decision of the United States Supreme Court in the case of Michigan v Jackson (475 US —, 89 L Ed 2d 631 [Apr. 1, 1986]) represents a retroactively effective change of the law regarding such issue. The Supreme Court held in Jackson (supra) that a defendant who has been formally charged with a crime and has requested appointment of legal counsel at arraignment cannot under the US Constitution 6th Amendment be subjected to further interrogation by police upon such charge until counsel has been made available to him, unless the defendant himself initiates further exchanges or conversations with the police. (Emphasis supplied.)
For the reasons which follow, this court holds and determines that Michigan v Jackson (supra) cited by defendant does not represent a change in the law in the State of New York controlling such right to counsel issue, and that the defendant’s motion should accordingly be denied. Defendant’s request for assigned counsel upon this CPL 440.10 application is likewise denied. Defendant has more than adequately set forth and explained his position in his moving papers, and the question of retroactivity does not even arise absent a change in controlling law.
The New York State Court of Appeals has without question vastly expanded and extended a defendant’s right to counsel *856 way beyond the holdings and requirements of the United States Supreme Court. (Cf. People v Knapp, 57 NY2d 161 [1982]; People v Bartolomeo, 53 NY2d 225 [1981]; People v Skinner, 52 NY2d 24 [1980]; People v Samuels, 49 NY2d 218 [1980]; People v Rogers, 48 NY2d 167 [1979].)
While the Supreme Court of the United States has previously recognized and protected from further interrogation the 5th Amendment right to counsel of a defendant in custody who has requested counsel (Edwards v Arizona, 451 US 477 [1981] ), the Jackson case (supra) represents the first articulation by the United States Supreme Court protecting from further interrogation a defendant’s 6th Amendment right to counsel upon arraignment. New York State has long recognized such an "indelible” right to counsel, which, unlike the Federal constitutional right to counsel, cannot be waived in the absence of counsel. (Cf. People v Samuels, supra; People v Settles, 46 NY2d 154 [1978]; People v Coleman, 43 NY2d 222 [1977]; People v Meyer, 11 NY2d 162 [1962].)
What was involved in this case was the application of the New York rules enunciated in Rogers (supra), People v Kazmarick (52 NY2d 322 [1981]), and Bartolomeo (supra) regarding police interrogation upon unrelated charges. The United States Supreme Court has never extended the 5th or 6th Amendment right to counsel to prohibit police interrogation upon unrelated criminal charges.
The only similarity between the Jackson (supra) case cited by defendant and his own case is that Jackson was indeed originally arrested upon unrelated charges; however, Jackson was subjected to postarraignment interrogation upon the very charges upon which he was arraigned and had requested counsel with the interrogating police officer present at arraignment. Defendant Mehan, on the other hand, was arraigned upon the unrelated New Jersey charges, and had not been formally charged with — much less arraigned upon — the New York burglary charges.
In short, although the Jackson case (supra) does represent an extension of Federal 6th Amendment protection of an accused’s right to counsel, the holding in Jackson has long been the law in New York. (In fact, in New York the right to counsel is deemed to "indelibly attach” upon arraignment, and an accused cannot thereafter waive the privilege against self-incrimination as to the formal charges against him in the absence of counsel.) (Cf. People v Samuels, supra.)
*857 While New York has extended the 5th Amendment right to counsel to unrelated charges (People v Rogers, supra), the Court of Appeals has declined to so extend the 6th Amendment right to counsel (People v Kazmarick, supra) except for imposing the duty to inquire (see, People v Bartolomeo, supra). The police can accept the defendant’s answer if reasonable (People v Lucarano, 61 NY2d 138 [1984]).
Since the holding of the United States Supreme Court in the Jackson case (supra) in no way affects or changes the applicable controlling law in New York, the defendant’s motion to vacate his judgment of conviction is hereby denied.