■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BREWER, Appellant. [599 NYS2d 828] —Appeal by the defendant (1) from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered May 26, 1987, convicting him of murder in the second degree (two counts) and robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) an order of the same court, dated July 23, 1990, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, and (3) an order of the same court, dated October 29, 1991, which denied, after a hearing, the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction.

Ordered that the appeal from the order dated July 23, 1990, is dismissed as abandoned; and it is further,

Ordered that the judgment and the order dated October 29, 1991, are affirmed.

In his motion pursuant to CPL 440.10, the defendant sought to vacate his judgment of conviction on the ground that he was denied the effective assistance of counsel because his trial counsel failed to move to suppress his inculpatory statements on the ground that he was denied his right to counsel. At the time the defendant was arrested, he had charges pending in an unrelated case and was represented by counsel. It appears that his "rap sheet" was produced at the precinct prior to his most inculpatory statement to the police. Although the officers who questioned the defendant testified, at the hearing conducted pursuant to the defendant's CPL 440.10 motion, that they did not know about the defendant's prior arrest, the defendant argues that such knowledge must be imputed to them, and, under the principles enunciated in *People v Bartolomeo* (53 NY2d 225), in effect at the time of the defendant's trial but later overruled by *People v Bing* (76 NY2d 331), the police were required to inquire as to whether the defendant was represented by counsel, and should not have questioned him. By failing to move for suppression of his statements on

these grounds, the defendant argues that his trial counsel was ineffective, and he was prejudiced thereby. We disagree.

Since the law of the State of New York no longer recognizes *People v Bartolomeo (supra)* and its progeny as good law, it cannot be said that the defendant was denied any substantive or procedural right by his counsel's failure to make a suppression motion on those grounds. Thus, the defendant suffered no prejudice by counsel's actions, and he was not denied the effective assistance of counsel *(see, Lockhart v Fretwell,* 506 US —, 122 L Ed 2d 180). In any event, at the time of his arrest, the police ran a background check, which indicated that the defendant had no prior arrests. The defendant also told the police that he had never been arrested before. Under these circumstances, the police could reasonably rely on the defendant's assertion that he had never been arrested. Where a defendant himself frustrated the police efforts to discover the truth regarding his pending charges and representation by counsel, his statements would not have been suppressed under *People v Bartolomeo (supra)* and its progeny *(see, People v Lucarano,* 61 NY2d 138, 147). Since any motion by counsel to suppress the defendant's statements on this ground would have failed, counsel was not remiss in failing to make such a motion *(see, People v Belgrave,* 143 AD2d 103). Therefore, the trial court properly denied the defendant's motion to vacate his conviction on these grounds. We also find that the defendant was otherwise provided meaningful representation at the trial *(see generally, People v Baldi,* 54 NY2d 137; *People v Satterfield,* 66 NY2d 796).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.