OPINION OF THE COURT
Budd G. Goodman, J.
As part of his omnibus motion, the defendant seeks to suppress certain statements made by him, specifically a confession made to two New York City police detectives while the defendant was held in custody in the State of Florida on four *549 outstanding New York bench warrants which were unrelated to the case with respect to which the confession was made. The detectives had traveled to Florida to retrieve the defendant on the outstanding warrants. At such time, the defendant was a suspect in a New York City homicide investigation. While in Florida, the detectives obtained a confession from the defendant to the homicide. At the time of his confession to the homicide, the defendant had previously signed a written waiver of his Miranda rights.
The question presented by this case is whether a statement (in this case the confession) regarding an unrelated New York crime (the homicide), made while in custody in another State on pending unrelated New York criminal charges (with respect to which the defendant had previously invoked his Fifth Amendment right to counsel), is admissible, if such statement is made in the absence of counsel, but where the person in custody has voluntarily and knowingly waived his right to counsel with respect to the unrelated charge.
The court has reviewed the defendant’s omnibus motion and memorandum of law in support thereof, as well as the People’s response thereto and has determined that the defendant’s motion to suppress the statements made by the defendant should be denied.
The holdings of the cases relevant to the case at bar are somewhat complex and require a careful review and analysis.
In February 1981, the Court of Appeals handed down a decision in People v Kazmarick (52 NY2d 322), in which the Court held that the existence of a pending criminal case upon which a defendant’s right to counsel had attached does not bar the police from questioning the defendant on new unrelated charges, when the defendant was not, in fact, represented on the pending charge. Although the Court recognized that the filing of an accusatory instrument on the pending charge triggered a right to counsel with respect thereto, the Court refused to recognize that a right to counsel existed on the new, unrelated charge, when the defendant was not, in fact, actually represented on the pending charge, with the Court stating that the police would not be bound as to questioning on the new unrelated charge because they had reason to know of another pending charge on which the defendant’s right to counsel had been triggered (supra, at 328-329).
In June 1981, the Court of Appeals rendered its decision in People v Bartolomeo (53 NY2d 225), in which the Court held that a defendant may not be questioned on a pending charge *550 on which the right to counsel had attached, but also may not be questioned on a new unrelated charge under investigation on which the defendant had waived the right to counsel. In the Court’s later analysis of the holding in Bartolomeo (and the overruling of such decision), in its decision in People v Bing (76 NY2d 331), the Court struggled with several of the questions left unanswered by Bartolomeo including, but not limited to, why the Court’s decision in People v Rogers (48 NY2d 167) should be expanded as a result of Bartolomeo, to protect an individual against self-incrimination on a crime which is unrelated to the pending matter on which the individual’s right to counsel had been triggered. (People v Bing, supra, at 341.) The Court in Bing went on to question (with respect to Bartolomeo) why a rule should exist "requiring the presence of counsel to waive one’s rights before criminal proceedings have been instituted, which [the Court stated] is well beyond even the most generous reading of the State constitutional privilege against self-incrimination”. (People v Bing, supra, at 342.) The Court in Bing then went on to state (at 342): "The first-time arrestee, with no criminal experience, may waive his rights and be questioned without the presence of counsel. Miranda v Arizona (384 US 436) requires only a warning of the right to counsel, not the actual presence of counsel [citations omitted]. Why then should the second-time offender, who presumably has received prior advice on how to deal with the authorities and has voluntarily chosen a different course of action on the new charge, be foreclosed from waiving his rights on the matter for which he was detained? As the dissenters noted [in Bartolomeo], the court, without apparent reason, had provided 'a dispensation’ for persistent offenders for it is the common criminal, not the first-time offender, who will nearly always have representation on a pending charge and thus be immunized from questioning in subsequent investigations [citation omitted]. Moreover, the decision [in Bartolomeo] was not only irr reconcilable with the court’s recent decision in Kazmarick but also served to extend other prior cases well beyond their intended scope [citation omitted]. It could not be justified on the ground that the pending charges were related to the new charges”.
In Bing (supra), the Court of Appeals was presented with three fact patterns which mirrored that of Bartolomeo, i.e., the defendants in Bartolomeo each had counsel on prior pending charges and the police, although aware of such charges, made no (or insufficient) inquiry with respect to each defendant’s *551 representation by counsel. The police accepted the defendants’ waiver of their Miranda rights and went on to question the defendants on the unrelated charges. In Bing, the Court of Appeals held that the defendant voluntarily and knowingly waived his right to counsel on the new charge. The Court stated that "he voluntarily and knowingly waived his rights. To afford him an indelible right to counsel on the new murder and robbery charges based on the superficial relationship with a lawyer assigned to him for arraignment on the prior charges, presses reason to the limit.” (Supra, at 347 [emphasis added].) The majority in Bing also rejected the argument that it is necessary to have an attorney present in order to determine whether the custodial interrogation is related to the prior pending charges. In this regard the Bing Court stated (at 349-350) that:
"the need for a bright-line rule was recognized in Rogers because an attorney had entered the proceeding for which defendant was arrested. We decided that under those circumstances the attorney must be allowed to resolve whether police questioning was related to those charges in which defendant was represented. There is no such requirement in these cases, however, because no attorneys had appeared in the proceedings and defendants voluntarily chose to forego legal representation on the new charges. Thus, there is no basis for the concurrence’s argument that the attorney must be brought into the proceeding to decide whether the questions are related to the prior charges. The courts are fully capable of protecting the defendant’s rights on both the prior pending charges and the new charges * * *
"Finally, permitting questioning on unrelated crimes violates neither the State Constitution nor the ethical principles that concerned us in our prior right to counsel cases.” (Citations omitted.)
In upholding the decision reached in People v Rogers (supra) in its decision in People v Bing (supra), the Court has seemingly required that the defendant and his counsel on the prior pending charge clearly assert the right to counsel. In Rogers (supra), the defendant’s counsel was actively involved when the defendant was questioned and advised the defendant not to answer any questions on the pending charge or otherwise. The foregoing, it seems, would' still be sufficient to prevent the police from questioning a defendant on an unrelated charge, since counsel (who was actively involved in the pending case) would be entitled to resolve whether the police questioning on *552 the unrelated charge was related to the pending charge on which the defendant was actively represented. (People v Bing, supra, at 350.) However, the Bing Court appears to have made a distinction between circumstances where counsel on the pending charge has actively entered and participated and a factual situation where no counsel had appeared in the proceedings and defendant possessed only a "superficial relationship with a lawyer assigned to him for arraignment on the prior charges”. (Supra, at 347.) The latter is the situation in the case at bar, and to quote the Court of Appeals in Bing, "[t]o afford him [the defendant] an indelible right to counsel on the new murder and robbery charges * * * presses reason to the limit.” (Supra.)
The instant case can be also distinguished from People v West (81 NY2d 370), cited by the defense, in that in West the defendant was actively represented by an attorney who instructed the police not to question him about a murder. Three years later, a police informant taped a conversation with the defendant regarding such murder. The Court in West held that the right to counsel invoked three years earlier still attached. In the case at bar, the attorney-client relationship was never more than superficial, no attorney having ever been actively involved in the pending charges prior to the defendant having absconded and the warrants being issued. The defendant waived his right to counsel on the unrelated charge in which he was questioned and such waiver was voluntary. Hence, West is inapplicable to the instant case.
With respect to geographical considerations raised by the case at bar, the four pending outstanding warrants were based upon crimes committed in New York while the unrelated charge also had a situs in New York. The defendant had been arrested in Florida on the outstanding New York warrants and was questioned in Florida with respect to the unrelated New York (homicide) charge. The fact that the interrogation occurred in Florida is irrelevant to the court’s analysis of Bing or to this court’s ultimate determination hereof. The Bing Court did not premise its decision on the geographic differences involved and its holding was not limited to situations where the defendant’s pending case is out of State. As the People correctly point out in their memorandum of law, if the Bing Court wanted to limit its decision to only permitting questioning in New York cases where the unrelated case was out of State, the Court of Appeals would not have had to overrule Bartolomeo (supra) in Bing. Moreover, the Court in Bing *553 specifically stated that "[i]n sum, the situs of the attorney-client relationship * * * [is] legally irrelevant under Bartolomeo” (People v Bing, supra, at 346). In addition, the Bing Court stated with respect to the situs of the attorney-client relationship, that situs would not provide "a principled basis for denying a constitutional right”. (Supra, at 345.) Finally, the Court in Bing stated that "[t]here is no logical reason to proscribe the police conduct if the pending charge is in New York but permit it if the pending charge is in Ohio.” (Supra.)
Accordingly, the defendant’s motion to suppress the statement (the confession) made in Florida with respect to the unrelated homicide charge is hereby denied.
The balance of the defendant’s omnibus motion is disposed of as follows:
(i) The defendant’s request for a bill of particulars and discovery is granted to the extent supplied by the People in their answering affirmation and voluntary disclosure form. However, if the defendant believes that any response to his demand for discovery or his request for a bill of particulars is inadequate, he may move to reargue within 10 days of the serving of a copy of this pretrial decision and order. The defendant is hereby directed to comply with the People’s demand for discovery or be precluded as to each item sought;
(ii) Defendant’s motion for production of material pursuant to Brady v Maryland (373 US 83) is hereby granted with respect to exculpatory material within the People’s possession. The People are reminded of their continuing obligation to disclose exculpatory material and if in doubt as to whether an item is disclosable, such material should be submitted to the court for in camera inspection; and
(iii) Defendant’s request for a Sandoval hearing is granted and shall be held immediately prior to jury selection.