09-1835-cv
Sostre v. County of Suffolk, et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of February, two thousand and ten.

Present:     RALPH K. WINTER,
             JOHN M. WALKER, JR.
             ROSEMARY S. POOLER,
                                          Circuit Judges.

_____

MARITZA SOSTRE, for herself and as mother and natural guardian of ASHLEY SOSTRE, ARAMIS JAMES SOSTRE, and MIRANDA SOSTRE, MARGARITA CINTRON, ARAMIS SOSTRE,

                                     Plaintiffs-Appellants,


          -v-                                          (09-1835-cv)


COUNTY OF SUFFOLK, DETECTIVE MIKE O'CONNOR, JOHN DOE #1, being chubby mustached detective with Detective O'Connor on 1/25/03, JOHN DOE #2, being another detective who was with Detective O'Connor on 1/25/03, JOHN DOE #3, being another detective who was with Detective O'Connor on 1/25/03, JOHN DOE #4-8, being members of the Emergency Response Team who responded to plaintiff's home 1/25/03, JANE DOE, being a female officer of the K-9 Unit who responded to plaintiffs home on 1/25/03, JOHN NEWTON,
                                          Defendants-Appellees.

_____

1

Appearing for Appellants:     K.C. Okoli, Law Offices of K.C. Okoli, New York, New York.

Appearing for Appellees:      Brian C. Mitchell, Assistant Suffolk County Attorney, (Christine Malafi, Suffolk County Attorney, on the brief), Hauppauge, New York.

Appeal from the United States District Court for the Eastern District of New York District of New York (Wexler, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants appeal from the order of the United States District Court for the Eastern District of New York (Wexler, J.) granting appellees' motion pursuant to Fed. R. Civ. P. 50 and dismissing appellants' claims for unlawful search, excessive force and false arrest. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This case arises out of a search of the Sostre residence conducted on January 25, 2003. Detective John Newton of the Suffolk County Police Department swore out a warrant supported by the sworn affidavit of a confidential informant who stated he had bought cocaine from Aramis Sostre at the Sostre residence. Detective Newton received a tip that cocaine was being sold from the house. Surveillance of the home was undertaken, and people were observed coming and going from the house for short periods of time consistent with the sale of drugs. On January 24, 2003, based on the surveillance, the police conducted a controlled cocaine buy at the Sostre residence using a confidential informant. The informant gave a sworn statement detailing the sale, and based on that statement and Detective Newton's surveillance a search warrant for the residence was issued.

No cocaine was found while executing the search warrant. However, the police did discover a pair of chukka sticks inside a hall closet. Aramis Sostre admitted the chukka sticks were his, and he was charged with criminal possession of a weapon in the fourth degree pursuant to N.Y. Penal Law § 265.01(1).

The Sostres sued Suffolk County and the police officers who executed the warrant pursuant to 28 U.S.C. § 1983 for unlawful search and seizure, abuse of process and intentional infliction of emotional distress. Aramis Sostre also brought a claim for false arrest, while Margarita Citron, a renter at the Sostre residence, brought a claim for excessive force.

Pretrial, appellants sought an order declaring the search of their home in violation of the Fourth Amendment because the weapon seized was not in the warrant, and they also sought a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 155-56 (1978). The magistrate judge denied the motion, and finding that the search of the house and the seizure of the chukka sticks

2

was constitutional. On appeal, the district court reversed the findings as to the constitutionality of the search, finding it an issue going to the core of the appellants' civil rights claims, and thus properly decided on summary judgment or at trial.

The parties proceeded to trial. After both sides rested, the appellees-defendants moved for judgment as a matter of law on all claims. Judge Wexler dismissed plaintiffs-appellants' causes of action for unlawful search by all plaintiffs, false arrest by plaintiff Aramis Sostre, the excessive force claims by plaintiff Cintron, intentional infliction of emotional distress, and the claim of unlawful search. That left Aramis Sostre's claim for abuse of process, which plaintiffs then withdrew voluntarily.

On appeal, plaintiffs argue that the warrant was not properly obtained, that the chukka sticks were not described in the warrant and therefore the warrant fails for lack of particularity; and the chukka sticks were not covered under the "plain view" doctrine. Each of these arguments fails.

Appellants provide no citation to evidence in the record showing that Detective Newton made an intentional, or recklessly false statement in obtaining the warrant. The statement from the informant was sworn, providing a "sufficient predicate for a finding of probable cause." People v. Bartolomeo, 53 N.Y.2d 225, 234 (1981).

Nor does the warrant suffer from a lack of particularity. The warrant allowed a search of the entire premises for cocaine, cash, drug paraphernalia, books and records. These are certainly materials that could conceivably be stored in a coat closet, which is where the chukka sticks were found. For the same reasons, Aramis Sostre's claim that the seizure of chukka sticks from his home violated his Fourth Amendment rights was also properly dismissed. Under the plain view doctrine, "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." Minnesota v. Dickerson, 508 U.S. 366, 375 (1993); quoted in United States v. Miller, 430 F.3d 93, 102 (2d Cir. 2005) (holding that the "plain view" doctrine applied to a shotgun seized from an open closet during a protective sweep that an officer completed while serving an order of protection")).

Here, Plaintiffs seem to believe that the fact that possession of chukka sticks is a crime is not enough to support either seizure or arrest because the incriminating character of chukka sticks in drug dealing was not immediately apparent. There is no requirement that the "incriminating character" relate to the objects of the warrant. The chukka sticks were in the closet, plainly covered by the search warrant. See U.S. v. Shi Yan Liu, 239 F.3d 138, 140 (2d Cir. 2000) (explaining that so long as the police act within the scope of the warrant, evidence will not be suppressed simply because it was not particularized in the warrant). It is well-established that "seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity." Payton v. New York, 445 U.S. 573, 587 (1980). Because it is against New York state

3

law to own or possess chukka sticks, there was also sufficient probable cause to support Sostre's arrest.

Nor were plaintiffs detained in violation of their rights - a warrant to search for contraband supported by probable cause implicitly allows the authorities to detain the occupants of the premises being search while the search is being conducted. Michigan v. Summers, 454 U.S. 692, 705 (1981); Muehler v. Mena, 544 U.S. 93, 98-101 (2005).

Without citation to authority, appellants argue that they were entitled to a hearing pursuant to Franks v. Delaware, 438 U.S. 152 (1978). Our case law indicates that a Franks hearing is incompatible with a Section 1983 claim, because it requires the same exact showing that a successful Section 1983 plaintiff challenging a warrant must make and thus would be dispositive of the issues:

> the plaintiffs must show that the affiant knowingly and deliberately, or with a reckless disregard of the truth, made false statements or material omissions in his application for a warrant, and that such statements or omissions were necessary to the finding of probable cause. Unsupported conclusory allegations of falsehood or material omission cannot support a Franks challenge, to mandate a hearing, the plaintiff must make specific allegations accompanied by an offer of proof.

Velardi v. Walsh, 40 F.3d 569, 573 (2d Cir. 1994). We need not reach the issue, however, because the evidence would have been the same evidence presented at trial. For the reasons given above, the claims would have failed. Finally, there is no evidence in the record to support plaintiffs' claims that the informant did not exist, or did not provide the sworn statement used to obtain the warrant.

We have examined the remainder of appellants' claims and we find them without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4